1 | KAREN P. HEWITT
United States Attorney
2 | FRED SHEPPARD
Assistant U.S. Attorney
3 | California State Bar No. 250781
United States Attorney's Office
4 | Federal Office Building
880 Front Street, Room 6293
5 | San Diego, California 92101-8893
Telephone: (619) 557-7176
6
Attorneys for Plaintiff
7 | UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,                )<br>                                                                 )<br>                    Plaintiff,                            )<br>                                                                 )<br>             v.                                                 )<br>                                                                 )<br> JAMES FRANCIS MURPHY,                       )<br>                                                                 )<br>                    Defendant.                         )<br>                                                                 )<br>_____) | CRIMINAL CASE NO. 08-CR-1196-W<br><br>DATE:     JUNE 16, 2008<br>TIME:     2:00 p.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:<br><br>(1) Notice of Capacity<br>(2) Notice to Court of Invocation of Doctrine of Substance Over Mere Form<br>(3) Strike Accusation made by Special Agent Alex Moore from the Docket;<br>(4) Dismiss for Lack of In Personam Jurisdiction and Lack of Venue<br><br>TOGETHER WITH A STATEMENT OF THE FACTS AND THE MEMORANDUM OF POINTS AND AUTHORITIES AND MOTION FOR RECIPROCAL DISCOVERY |

08CR1196-W

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, Fred Sheppard, Assistant United States Attorney, hereby files its Response and Opposition to Defendant's Motions and its Motion for Reciprocal Discovery. This response and opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

I

## STATEMENT OF THE CASE

On April 16, 2008, a federal grand jury in the Southern District of California returned a 10-count indictment charging Defendant James Francis Murphy ("Defendant") with making false statements to a federal officer, in violation of Title 18, United States Code, Section 1001(a)(2) and (4); use of a false identification document, in violation of Title 18, United States Code, Section 1028(a)(4); attempted entry into secure area of any airport, in violation of Title 18, United States Code, Section 1036(a)(4); and unauthorized transfer or receipt of counterfeit official insignia, in violation of Title 18, United States Code, Section 716(a).

II

## STATEMENT OF FACTS

On February 16, 2008, Defendant attempted to bypass the security screening process at the San Diego International Airport. Defendant identified himself as an Ambassador/Diplomat of California and presented an identification card and badge as well as various documents indicating he was an ambassador with immunity. In addition to the various items Defendant presented to support his fraudulent claim was an Apostille issued by Debra Bowen, Secretary of State for California. This Apostille included the number imprinted on the badge Defendant displayed. Defendant also presented a certificate that also contained the number on the badge and the Apostille, which claimed to give Defendant "safe passage."

In addition, Defendant was carrying a bag that he claimed, under the Vienna Convention, was exempt from any security screening and was not to be x-rayed. The bag had a laminated card attached to it that stated it was a "Diplomatic Pouch."

Defendant made the same claim that he was an ambassador/diplomat not subject to search or

1   screening and that his "diplomatic pouch" was not subject to search or screening to four separate TSA
2   officers, including C. Mosley, M. Capil, C. Loftus and A. Ramos. In addition, Special Agent Mike
3   Escott, U.S. State Department, Diplomatic Security Service, arrived at the airport and Defendant made
4   these same claims to SA Escott upon being questioned. SA Escott determined the identification
5   materials were fake and the bag was inspected. Inside the bag were numerous pieces of paper, a
6   radiation detector and a vial containing a white substance, which was later determined to be inert.

7   Subsequent investigation revealed that the badge Defendant presented at the airport in support
8   of his claim was ordered from a company based in Florida. Records revealed Defendant ordered two
9   badges from this company, both indicating ambassador/diplomat, and had them shipped to an address
10  in Omaha, Nebraska. One of these badges was used by Defendant at the airport and was subsequently
11  seized by law enforcement agents. The second badge was seized during a search of Defendant's
12  residence pursuant to the execution of a search warrant.

### III

### GOVERNMENT'S RESPONSE AND OPPOSITION

16  **A.   Notice of Capacity**

17  The Government fails to recognize any cognizable claim in Defendant's Notice of Capacity. As
18  such, the Government states only that any claim that criminal charges may be settled simply by the
19  payment or offer to pay monetary funds has no basis in existing law.

20  **B.   Notice to Court of Invocation of Doctrine of Substance Over Mere Form**

21  The Government fails to recognize any cognizable claim in Defendant's Notice to Court of
22  Invocation of Doctrine of Substance Over Mere Form. Defendant cites two cases in support of this
23  motion, Haines v. Kerner, 404 U.S. 519 (1972), and Louisville and Nashville R.R. Co. v. Schmidt, 177
24  U.S. 230 (1900). Neither of these cases seem to have any import on the matter at hand.

25  **C.   Strike Accusations Made by Special Agent Alex Moore from the Docket**

26  On February 22, 2008, Special Agent Alex Moore filed a Complaint in the instant matter, setting
27  forth sufficient to establish probable cause in the instant matter, sworn before the Honorable William
28  McCurine, Jr. On March 11, 2008, an Information was filed in the underlying case, Case Number


1  08MJ0521. On April 16, 2008, the present Indictment was filed. Subsequently, on April 17, 2008,
2  Defendant was arraigned on the present matter and the underlying Information, Case Number 08MJ0521,
3  was dismissed without prejudice. To the extent Defendant asserts an argument that the underlying
4  Complaint or Information be dismissed, such argument is moot.

5         **D.**      **Dismiss for Lack of In Personam Jurisdiction and Lack of Venue**

6  Through 30-plus pages, Defendant seemingly asserts that the Government lacks jurisdiction to
7  bring the present charges. In addition, Defendant asserts a lack of venue in the caption of his petition
8  to dismiss. However, no support as to the latter claim is provided within the body of the petition.
9  Furthermore, Defendant's Memorandum of Federal Jurisdiction Limitations provides no support for any
10 argument asserting a deficiency in venue in the instant case.

11 A review of Defendant's Memorandum of Federal Jurisdiction Limitations provides no basis,
12 in law, for attacking the jurisdiction of the Government to prosecute the crimes charged. Time and
13 again, the United States Supreme Court has endorsed the principle, embodied in the Fifth Amendment,
14 that "the power to define criminal offenses and to prescribe the punishments to be imposed upon those
15 found guilty of them, resides wholly with the Congress." See Whalen v. United States, 445 U.S. 685,
16 689 (1980). Furthermore, Article I, § 8, cl. 16, provides that Congress has the power to provide for
17 punishment of all crimes against the United States, whether committed within one of the states of the
18 Union, or within a territory which it has plenary and exclusive jurisdiction.

19 Counts one through eight of the Indictment, by the plain language of the statutes charged,
20 implicate matters within the jurisdiction of the federal government. Counts one through seven require
21 the Government prove that the Defendant's statements concerned matters within the jurisdiction of the
22 United States or one of its departments. In addition, count eight requires the Government to prove that
23 the Defendant intended to defraud the United States. In each instance, the jurisdiction is an element of
24 the crime to be proven to and determined by the trier of fact.

25 The Commerce Clause of the United States Constitution, Art. I § 8, cl. 3, states that Congress
26 shall have the power to "regulate commerce with foreign nations, and among the several states, and with
27 the Indian tribes." Counts nine and ten both implicate the Commerce Clause. With regard to count nine,
28 implicating the attempted unauthorized entry into a secure area of the San Diego International Airport,

1  Defendant's own exhibit indicates that the United States is the lessor of the property on which the airport
2  is located. Furthermore, count ten again requires that jurisdiction, in the form of affecting "interstate
3  commerce," be proven by the Government and determined by the trier of fact.

4  Rule 18 requires the Government to prosecute an offense in a district where the offense was
5  committed. FRCP 18. However, where an offense was begun, continued or completed in more than one
6  district, an offense may be prosecuted in any district in which such offense was begun, continued or
7  completed. 18 U.S.C. § 3237. When contested, venue is a question of fact for the jury, and must be
8  proven by a preponderance of the evidence. United States v. Radfearn, 906 F.2d 352 (8th Cir. 1990).

**IV**

**MOTION FOR RECIPROCAL DISCOVERY**

To date, Defendant has not provided any reciprocal discovery. The United States, pursuant to Rule 16 of the Federal Rules of Criminal Procedure, respectfully requests that Defendant permit the United States to inspect, copy, and photograph any and all books, papers, documents, photographs, tangible objects, or make copies of portions thereof, which are within the possession, custody or control of Defendant and which Defendant intends to introduce as evidence in her case-in-chief at trial.

The United States further requests that it be permitted to inspect and copy or photograph any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, which are in the possession or control of Defendant, which Defendant intends to introduce as evidence-in-chief at the trial, or which were prepared by a witness whom Defendant intends to call as a witness. Because the United States will comply with Defendant's request for delivery of reports of examinations, the United States is entitled to the items listed above under Rule 16(b)(1) of the Federal Rules of Criminal Procedure. The United States also requests that the Court make such order as it deems necessary under Rules 16(d)(1) and (2) to ensure that the United States receives the discovery to which it is entitled.

In addition, Rule 26.2 of the Federal Rules of Criminal Procedure requires the production of prior statements of all witnesses, except a statement made by Defendant. This rule thus provides for the reciprocal production of Jencks statements. The time frame established by the rule requires the statement to be provided after the witness has testified. To expedite trial proceedings, the United States

hereby requests that Defendant be ordered to supply all prior statements of defense witnesses by a reasonable date before trial to be set by the Court. Such an order should include any form in which these statements are memorialized, including but not limited to, tape recordings, handwritten or typed notes and/or reports.

## V

## **CONCLUSION**

For the above stated reasons, the United States respectfully submits its Response and Opposition to Defendant's Motions in Limine, and requests that its Motion for Reciprocal Discovery be granted.

DATED: June 9, 2008.

Respectfully Submitted,

Respectfully submitted,
KAREN P. HEWITT
United States Attorney

/s/ Fred Sheppard
Fred Sheppard
Assistant United States Attorney

|     |                                      |                                      |
| --- | ------------------------------------ | ------------------------------------ |
| 1   | UNITED STATES DISTRICT COURT         |                                      |
| 2   | SOUTHERN DISTRICT OF CALIFORNIA      |                                      |

UNITED STATES OF AMERICA,   )   Criminal Case No. 08CR1196-W
            Plaintiff,   )
      v.   )   CERTIFICATE OF SERVICE
            )
JAMES FRANCIS MURPHY,   )
           Defendant.   )

IT IS HEREBY CERTIFIED THAT:

    I, Fred Sheppard, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

    I am not a party to the above-entitled action. I have caused service of the United States' Response and Opposition to Defendant's Motions, as well as the Government's Renewed Motion for Reciprocal Discovery on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

ROBERT REXRODE

I have also caused service of United States' Response and Opposition to Defendant's Motions, as counsel for the United States, dated June 9, 2008, and this Certificate of Service, dated June 9, 2008, on the following parties by placing a paper copy for delivery by regular mail to:

James Francis Murphy

In Care of Postal Department 234277

Encintas, California 92023-4277

  I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 9, 2008.

                                            s/ Fred Sheppard
                                            Fred Sheppard