```
 1  James-Francis: Murphy
 2  In Care of Postal Department 234277
 3  Encinitas, California 92023-4277
 4  Tel: 760-230-2868
 5  In Propria Persona
 6
```

**FILED**
AUG 1 5 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  KNX  DEPUTY

```
 7              UNITED STATES DISTRICT COURT
 8              SOUTHERN DISTRICT OF CALIFORNIA
 9
10  UNITED STATES OF AMERICA     )   Case No. – 08 CR 1196 W
11      Plaintiff,               )
12                               )   Demand for Grand Jury Indictment
13      v.                       )   Transcripts
14                               )
15  JAMES FRANCIS MURPHY,        )
16      Defendant,               )   Magistrate Judge Nina Stormes
17                               )   August 21, 2008 at 9:30am
18  _____    )
19  James-Francis: Murphy        )
20  Real Party in Interest       )
21  Third Party Intervener       )
22  Authorized Representative    )
23  _____    )
24
```

25  James-Francis: Murphy, Authorized Representative (AR), appears and moves this

26  court to order to produce and turn over a copy of the of the Grand Jury indictment

27  transcripts for review of Grand Jury testimony and instructions to ascertain whether

28  proper instructions were provided to the Grand Jury and whether the Grand Jury

29  was lawfully convened, drawn, summoned, or selected among other alleged

30  suspected discrepancies according to TITLE 18—APPENDIX, FEDERAL RULES OF

31  CRIMINAL PROCEDURE TITLE III, Rule 6(b)(1).

32                          STATEMENT OF FACTS

33  The following was written in Plaintiff's document captioned GOVERNMENT'S

34  RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO: dated June 9, 2008

1 | in Section III, C, of GOVERNMENT'S RESPONSE AND OPPOSITION; "On February 22,
2 | 2008, Special Agent Alex Moore filed a Complaint in the instant matter, setting
3 | forth sufficient to establish probable cause in the instant matter, sworn before the
4 | Honorable William McCurine, Jr. On March 11, 2008, an Information was filed in
5 | the underlying case, Case Number 08MJ0521. On April 16, 2008, the present
6 | Indictment was filed. Subsequently, on April 17, 2008, Defendant was arraigned on
7 | the present matter and the underlying Information, Case Number 08MJ0521, was
8 | dismissed without prejudice. To the extent Defendant asserts an argument that the
9 | underlying Complaint or Information be dismissed, such argument is moot."
10 |
11 | The initial charges were based on Special Agent Alex Moore's hearsay Complaint.
12 | He as Complainant had no firsthand knowledge of the events of February 16, 2008
13 | when the alleged crimes took place. Three separate times since the Complaint was
14 | made charges have been dropped and added. Most recently a ten count
15 | INDICTMENT was handed down on April 16, 2008 by the January 2007 Grand Jury.
16 |
17 | If, as the Plaintiff appears to suggest in the June 9, 2008 response, the Defendant's
18 | argument that the Complaint be dismissed in the PETITION IN LIMINE IN THE
19 | NATURE OF A MOTION AND PETITION TO STRIKE is moot because Case Number
20 | 08MJ0521 has been dismissed without prejudice therefore Special Agent Alex
21 | Moore's Complaint no longer applies then who was the accuser or complainant
22 | that went before the Grand Jury and if so what facts were presented there to go
23 | before a Grand Jury?

1
2  AR requests said transcripts in accordance with Brady v. Maryland, 373 U.S. 83, 85,
3  10 L.Ed.2d 215 at 218, 83 S. Ct. 1194 at 1196 (1963) held that "the suppression
4  by the prosecution of evidence favorable to an accused upon request violates due
5  process where the evidence is material, either to guilt or to punishment,
6  irrespective of the good faith or bad faith of the prosecution." AR also requests
7  disclosure of evidence favorable to the defendant on the issue of guilt and/or
8  sentencing in accord with United States v. Bagley, 473 U.S. 667 (1995).
9
10 Pursuant to Federal Rules of Criminal Procedure Rule 16, AR requests material for
11 preparation of Defendant's defense, and U.S. Constitution's requirement for due
12 process. AR is requesting any *Giglio* information, Giglio v. United States, 405 U.S.
13 150 (1972), that Plaintiffs have on the Defendant and any other witnesses that may
14 be testifying against Defendant. Additionally, AR is requesting any evidence that is
15 known to the government or can be discovered by the government that would be
16 discoverable *Brady* material or *Jencks* Act. AR makes a specific request under
17 *Kyles v. Whitley*, 115 S.Ct. 1555 (1995), imposing upon law enforcement and the
18 prosecutor a "Duty to Learn" favorable information relating to the defendant.
19
20 This discovery request is under FRCrimP Rule 16(a)(1)(A); Rule 16(a)(1)(B); Rule
21 16(a)(1)(E); Rule 16(a)(1)(F); Rule 16(a)(1)(G); Rule 16(a)(3); Rule 6(b)(1); Rule
22 6(b)(2); Rule 6(e)(3)(E)(i); Rule 6(e)(3)(E)(ii); Rule 6(e)(3)(F); Rule 6(e)(7)(f); Rule 26.2
23

1  AR, as pro per litigant, has been informed verbally by Judge Whelan in open court
2  that grand jury (GJ) transcripts are rarely provided. The prosecutor, AUSA Fred
3  Sheppard, in a phone conversation where I requested GJ transcripts on August 7,
4  2008 emphatically stated that I would not be getting the GJ transcripts. AR
5  provides the Court and parties with notice that once the Grand Jury Indictment is
6  handed down the restrictions of review of said transcripts are removed as a matter
7  of disclosure in keeping with good faith, substantial justice and due process.
8  Failure to produce and turnover said transcripts would appear to be bad faith and if
9  not done so within 10 days it shall be deemed and construed that a tacit admission
10 exists that no indictment in fact exists.
11
12 Therefore, AR respectfully requests that the judge order Grand Jury transcripts
13 copied, certified, produced and turned over to AR at no expense to AR as a matter
14 of due process according to TITLE 18—APPENDIX, FEDERAL RULES OF CRIMINAL
15 PROCEDURE TITLE III, Rule 6 (e) (3) (E) (i) and Rule 6 (e) (3) (E) (ii). Failure of this
16 court to act timely and delay review of this instrument until after the ten days in
17 favor of review at day of trial would constitute gross violation of due process, a
18 shock to the conscience and good cause for interlocutory appeal for appellate
19 review of this issue of due process violation.
20
21
22
23

1 | Respectfully submitted to this honorable court this 15TH day of August, 2008.

2

3 | *[signature]*

4 | James-Francis: Murphy, Authorized Representative
5 | In Care of Postal Department 234277
6 | Encinitas, California 92023-4277
7 | Tel: 760-230-2868
8 | In Propria Persona
9

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE IS MADE UPON THE FOLLOWING PARTIES** |
| 2 | |
| 3 | COPY of the forgoing hand delivered, |
| 4 | This 15th day of August, 2008, to: |
| 5 | U. S. Assistant Attorney Fred Sheppard |
| 6 | 880 Front Street Room 6293 |
| 7 | San Diego, CA |
| 8 | 619-557-5610 |
| 9 | |
| 10 | _____ |
| 11 | |
| 12 | Service performed by: |
| 13 | |
| 14 | |
| 15 | *[signature]* |
| 16 | James-Francis: Murphy |
| 17 | In Care of Postal Department 234277 |
| 18 | Encinitas, California 92023-4277 |
| 19 | Tel: 760-230-2868 |
| 20 | In Propria Persona |
| 21 | |