KAREN P. HEWITT
United States Attorney
FRED SHEPPARD
Assistant U.S. Attorney
California State Bar No. 250781
United States Attorney's Office
Federal Office Building
880 Front Street, Room 6293
San Diego, California  92101-8893
Telephone: (619) 557-7176
Fax: (619) 557-7381
fred.sheppard@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>      v.<br><br>JAMES FRANCIS MURPHY,<br><br>          Defendant. | CRIMINAL CASE NO. 08-CR-1196-W<br><br>DATE:    AUGUST 26, 2008<br>TIME:    9:30 a.m.<br><br>GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S APPLICATION FOR AN ORDER TO SHOW CAUSE |

08CR1196-W

COMES NOW, the plaintiff, UNITED STATES OF AMERICA, by and through its counsel, Karen P. Hewitt, United States Attorney, Fred Sheppard, Assistant United States Attorney, hereby files its Response and Opposition to Defendant's Application for an Order to Show Cause. This response and opposition is based upon the files and records of the case together with the attached statement of facts and memorandum of points and authorities.

## I
## STATEMENT OF THE CASE

On April 16, 2008, a federal grand jury in the Southern District of California returned a 10-count indictment charging Defendant James Francis Murphy ("Defendant") with making false statements to a federal officer, in violation of Title 18, United States Code, Section 1001(a)(2) and (4); use of a false identification document, in violation of Title 18, United States Code, Section 1028(a)(4); attempted entry into secure area of any airport, in violation of Title 18, United States Code, Section 1036(a)(4); and unauthorized transfer or receipt of counterfeit official insignia, in violation of Title 18, United States Code, Section 716(a).

## II
## STATEMENT OF FACTS

On February 16, 2008, Defendant attempted to bypass the security screening process at the San Diego International Airport. Defendant identified himself as an Ambassador/Diplomat of California and presented an identification card and badge as well as various documents indicating he was an ambassador with immunity. In addition to the various items Defendant presented to support his fraudulent claim was an Apostille issued by Debra Bowen, Secretary of State for California. This Apostille included the number imprinted on the badge Defendant displayed. Defendant also presented a certificate that also contained the number on the badge and the Apostille, which claimed to give Defendant "safe passage."

In addition, Defendant was carrying a bag that he claimed, under the Vienna Convention, was exempt from any security screening and was not to be x-rayed. The bag had a laminated card attached to it that stated it was a "Diplomatic Pouch."

Defendant made the same claim that he was an ambassador/diplomat not subject to search or screening and that his "diplomatic pouch" was not subject to search or screening to four separate TSA officers, including C. Mosley, M. Capil, C. Loftus and A. Ramos. In addition, Special Agent Mike Escott, U.S. State Department, Diplomatic Security Service, arrived at the airport and Defendant made these same claims to SA Escott upon being questioned. SA Escott determined the identification materials were fake and the bag was inspected. Inside the bag were numerous pieces of paper, a radiation detector and a vial containing a white substance, which was later determined to be inert.

Subsequent investigation revealed that the badge Defendant presented at the airport in support of his claim was ordered from a company based in Florida. Records revealed Defendant ordered two badges from this company, both indicating ambassador/diplomat, and had them shipped to an address in Omaha, Nebraska. One of these badges was used by Defendant at the airport and was subsequently seized by law enforcement agents. The second badge was seized during a search of Defendant's residence pursuant to the execution of a search warrant.

### III

### GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S REQUESTED RELIEF

**1. Show cause as to why the laptop computer seized cannot be returned as the device itself has no probative value**

The laptop computer Defendant speaks of, HP Pavilion PP2180, Serial No. 2CD340KDC, was seized pursuant to an authorized search warrant. Many of the documents at issue in this case were of the type created on a computer. To date, federal law enforcement has been unable to analyze the contents of the laptop due to encryption software installed on the computer.

**2. Show cause as to why the cellular telephone seized cannot be returned as the device itself has no probative value**

The cellular telephone Defendant speaks of, a Sprint Treo cellular phone, was also seized pursuant to an authorized search warrant. To date, federal law enforcement has been unable to analyze the contents of the laptop due to encryption software installed on the computer.

**3. Show cause as to why original documents seized that validate the authenticity of documents in question should not be returned**

Any original documents the Government now possesses belonging to Defendant were seized either incident to Defendant's arrest on February 16, 2008, or were seized pursuant to an authorized search warrant. On several occasions, the Government has informed Defendant he may view the original documents seized either incident to his arrest or pursuant to the execution of any search warrant concerning Defendant's possessions. This opportunity is offered once again and extends to the results of any forensic analysis performed on any of Defendant's possessions.

**4. Explain how fundamental due process rights will not be violated since said documents are vital evidence for the defense and the Plaintiff actions have severely limited the ability to mount a defense in this action**

The Government incorporates its response to paragraph 3 as its response to this request.

**5. Show cause as to why Third Party Intervener cannot travel as he has demonstrated by past and current conduct that he is neither a flight risk nor a danger to the community**

The Government is unaware of any "Third Party Intervener" in this matter. If Defendant is referring to himself and the conditions of bond imposed by this Court, the Government states that nothing has changed since the bond conditions were imposed in this matter and request that they remain in effect.

**6. Restrain themselves from interfering with Real Party in Interest personal property**

The Government is unaware of who Defendant is referring to when he states "Real Party in Interest." If Defendant is referring to himself, Defendant has failed to state a legally-cognizable claim or basis for relief sought.

**7. Explain, demonstrate and prove the compelling public interest as to why the Real Party in Interest's liberty of travel is being restricted**

The Government is unaware of who Defendant is referring to when he states "Real Party in Interest." If Defendant is referring to himself the conditions of bond imposed by this Court, the Government states that nothing has changed since the bond conditions were imposed in this matter and request that they remain in effect.

**8. Restrain themselves from interfering with Real Party in Interest unalienable Right to travel**

The Government is unaware of who Defendant is referring to when he states "Real Party in

Interest." If Defendant is referring to himself, Defendant has failed to state a legally-cognizable claim or basis for relief sought.

**9.   Requested relief in Paragraphs 9-12, 14-15, and 23-26**

Defendant has failed to state a legally-cognizable claim or basis for relief sought.

**10.  Requested relief in Paragraphs 13, 16, and 18-20**

The Government is unaware of who Defendant is referring to when he states either "RPII" or "Real Party in Interest." If Defendant is referring to himself, Defendant has failed to state a legally-cognizable claim or basis for relief sought.

**11.  Show cause why this instant case is occurring in the United States District Court which, according to Balzac v. Porto Rico, 258 U.S. 312(1922), "the United States District Court is not a true United States Court established under Article III of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under Article IV, Sec. 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States." and The United States District Court is "a mere territorial court" and COCHRAN et. al. v. ST. PAUL & TACHOMA LUMBER CO. 73 Fed. Supp 288 (1947), which states, "A United States District Court is purely a creature of legislative branch of government, generally provided for by Constitution, but not a constitutional court in stricter sense, and its jurisdiction comes from Congress."**

If Defendant is requesting the basis for the United States District Court's jurisdiction to preside over the present matter, the Government refers Defendant to 18 U.S.C. § 3231.

**12.  Show cause as to why the Grand Jury (GJ) transcript (copy) relevant to the defendant's guilt or innocence of the alleged crimes should not be turned over**

On June 16, 2008, Defendant made and argued his request for production of grand jury transcripts concerning this present prosecution before the Honorable Thomas J. Whelan. Defendant's request was denied. Defendant fails to provide any basis for renewing this request before this Court.

**13.  Show cause how not turning over the GJ transcript relevant to the defendant's guilt or innocence of the alleged crimes would not deprive the defendant of the constitutional right of effective assistance of counsel and the right to be prepared for cross examination of accusing witness**

On June 16, 2008, Defendant made and argued his request for production of grand jury transcripts concerning this present prosecution before the Honorable Thomas J. Whelan. Defendant's request was denied. Defendant fails to provide any basis for renewing this request before this Court.

**V**

**CONCLUSION**

For the above stated reasons, the United States respectfully submits its Response and Opposition to Defendant's Application for an Order to Show Cause.

DATED: August 22, 2008.

        Respectfully Submitted,

        Respectfully submitted,
        KAREN P. HEWITT
        United States Attorney

        */s/ Fred Sheppard*
        Fred Sheppard
        Assistant United States Attorney

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal Case No. 08CR1196-W |
| Plaintiff, | ) | |
| v. | ) | CERTIFICATE OF SERVICE |
| JAMES FRANCIS MURPHY, | ) | |
| Defendant. | ) | |

IT IS HEREBY CERTIFIED THAT:

I, Fred Sheppard, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, California 92101-8893.

I am not a party to the above-entitled action. I have caused service of the United States' Response and Opposition to Defendant's Application for an Order to Show Cause on the following parties by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

ROBERT REXRODE

I have also caused service of United States' Response and Opposition to Defendant's Application for an Order to Show Cause, as counsel for the United States, dated August 22, 2008, and this Certificate of Service, dated August 22, 2008, on the following parties by placing a paper copy for delivery by regular mail to:

James Francis Murphy
In Care of Postal Department 234277
Encintas, California 92023-4277

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 22, 2008.

                                                     */s/ Fred Sheppard*
                                                     Fred Sheppard