NUNC PRO TUNC 

AUG 15 2008

1  James-Francis: Murphy
2  In Care of Postal Department 234277
3  Encinitas, California 92023-4277
4  Tel: 760-230-2868
5  In Propria Persona
6

FILED
AUG 27 2008
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY  KMH  DEPUTY

7            UNITED STATES DISTRICT COURT
8            SOUTHERN DISTRICT OF CALIFORNIA
9
10 UNITED STATES OF AMERICA    )   Case No. – 08 CR 1196 W
11      Plaintiff,              )
12                              )   AMENDED JUDICIAL NOTICE OF
13      v.                      )   ADJUDICATIVE FACTS NOTICE TO
14                              )   COURT OF HAINES v. KERNER
15 JAMES FRANCIS MURPHY,        )
16      Defendant,              )   Magistrate Judge Nita L. Stormes
17                              )   August 21, 2008 at 9:30am
18 _____  )
19 James-Francis: Murphy        )
20 Real Party in Interest       )   Judge Thomas J. Whelan
21 Third Party Intervener       )   September 8, 2008 at 2:00pm
22 Authorized Representative    )
23 _____  )
24

25 **AMENDED JUDICIAL NOTICE TO COURT of HAINES v. KERNER 404 U.S. 519 (1972)**

26

27 James-Francis: Murphy, Authorized Representative of the Defendant respectfully submits

28 to this honorable court Judicial Notice of the doctrine established in Haines v. Kerner, 404

29 U.S. 519 (1972) wherein substance governs over mere form of "Pro Se" litigant pleading(s).

30 In that land mark decision the U.S. Supreme Court stated,

31      "Whatever may be the limits on the scope of inquiry of courts into the internal

32      administration of prisons, allegations such as those asserted by petitioner,

33      however inartfully pleaded, are sufficient to call for the opportunity to offer

34      supporting evidence. We cannot say with assurance that under the allegations of

35      the pro se complaint, which we hold to less stringent standards than formal

36      pleadings drafted by lawyers, it appears [404 U.S. 519, 521] "beyond doubt that

08/08/14 [AMENDED JUDICIAL NOTICE TO COURT of HAINES v. KERNER 404 U.S. 519 (1972)] — Page 1 of 8

the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Conley v. Gibson, 355 U.S. 41, 45 -46 (1957). See Dioguardi v. Durning, 139 F.2d 774 (CA2 1944). "Accordingly, although we intimate no view whatever on the merits of petitioner's allegations, we conclude that he is entitled to an opportunity to offer proof."

### Points and Authorities

**Public Law 93-595, Sec. 1, Jan. 2, 1975, 88 Stat. 1930**

**FRE – Rule 201. Judicial Notice of Adjudicative Facts** (December 1, 2007)

**Title 28 -- Appendix. Rule 201.** Federal Rules of Evidence Article II. **Judicial Notice**

Rule 201. **Judicial Notice** of Adjudicative Facts

(a) Scope of rule.--This rule governs only **judicial notice** of adjudicative facts.

(b) Kinds of facts.--A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.

(c) When discretionary.--A court may take **judicial notice**, whether requested or not.

(d) When mandatory.--A court shall take **judicial notice** if requested by a party and supplied with the necessary information.

(e) Opportunity to be heard.--A party is entitled upon timely request to an opportunity to be heard as to the propriety of taking **judicial notice** and the tenor of the matter noticed. In the absence of prior notification, the request may be made after **judicial notice** has been taken.

08/08/14 [AMENDED JUDICIAL NOTICE TO COURT of HAINES v. KERNER 404 U.S. 519 (1972)] — Page 2 of 8

1   (f) Time of taking **notice.--Judicial notice** may be taken at any stage of the
2   proceeding.

3

4   **Reynoldson v Shillinger 907 F.2d 124, 126 (10th Cir. 1990)**; See also **Jaxon v**
5   **Circle K. Corp. 773 F.2d 1138, 1140 (10th Cir. 1985) (1)**
6       "Pro se litigants are to be given reasonable opportunity to remedy the defects in
7       their pleadings."

8

9   **ESTELLE, CORRECTIONS DIRECTOR, ET AL. v. GAMBLE** 29 U.S. 97, 97 S. Ct. 285,
10  50 L. Ed. 2d 251.
11      "We now consider whether respondent's complaint states a cognizable 1983
12      claim. The handwritten pro se document is to be liberally construed. As the
13      Court unanimously held in *Haines v. Kerner*, 404 U.S. 519 (1972), a pro se
14      complaint, "however inartfully pleaded," must be held to "less stringent
15      standards than formal pleadings drafted by lawyers" and can only be dismissed
16      for failure to state a claim if it appears "beyond doubt that the plaintiff can prove
17      no set of facts in support of his claim which would entitle him to relief." Id., at
18      520-521, quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)."

19

20  **WILLIAM MCNEIL, PETITIONER v. UNITED STATES** 113 S. Ct. 1980, 124 L. Ed. 2d
21  21, 61 U.S.L.W. 4468.
22      "Moreover, given the clarity of the statutory text, it is certainly not a "trap for the
23      unwary." It is no doubt true that there are cases in which a litigant proceeding
24      without counsel may make a fatal procedural error, but the risk that a lawyer will
25      be unable to understand the exhaustion requirement is virtually nonexistent. Our

rules of procedure are based on the assumption that litigation is normally conducted by lawyers. While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed, see *Haines v. Kerner,* 404 U.S. 519 (1972); *Estelle v. Gamble,* 429 U.S. 97, 106 (1976), and have held that some procedural rules must give way because of the unique circumstance of incarceration, see *Houston v. Lack,* 487 U.S. 266 (1988) (pro se prisoner's notice of appeal deemed filed at time of delivery to prison authorities), we have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel. As we have noted before, "in the long run, experience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver,* 447 U.S. 807, 826 (1980)."

**BALDWIN COUNTY WELCOME CENTER v. BROWN** 466 U.S. 147, 104 S. Ct. 1723, 80 L. Ed. 2d 196, 52 U.S.L.W. 3751.

"Rule 8(f) provides that "pleadings shall be so construed as to do substantial justice." We frequently have stated that pro se pleadings are to be given a liberal construction."

**HUGHES v. ROWE ET AL.** 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163, 49 U.S.L.W. 3346.

"Petitioner's complaint, like most prisoner complaints filed in the Northern District of Illinois, was not prepared by counsel. It is settled law that the allegations of such a complaint, "however inartfully pleaded" are held "to less stringent standards than formal pleadings drafted by lawyers, see *Haines v. Kerner,* 404 U.S. 519, 520 (1972).

See also *Maclin v. Paulson*, 627 F.2d 83, 86 (CA7 1980); *French v. Heyne*, 547 F.2d 994, 996 (CA7 1976). Such a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines*, supra, at 520-521. And, of course, the allegations of the complaint are generally taken as true for purposes of a motion to dismiss. *Cruz v. Beto*, 405 U.S. 319, 322 (1972)."

## STATEMENT OF FACTS

In filing the initial "NOTICE TO THE COURT OF HAINES V. KERNER and LOUISVILLE & N R CO V. SCHMIDT" herein after "NOTICE" Authorized Representative may have erred by failing to include "necessary information" as set forth in Rule 201(d). Additionally by including "LOUISVILLE & N R CO V. SCHMIDT," and based upon the government's response, Authorized Representative believes the prosecution may have become confused in its response to the court, "GOVERNMENT'S RESPONSE AND OPPOSITION TO DEFENDANT'S MOTIONS TO:...", hereinafter called "OPPOSITION." Further, Authorized Representative believes the government erred in its response wherein the prosecution stated,

> "The Government fails to recognize any cognizable claim in Defendant's Notice to Court of Invocation of Doctrine of Substance Over Mere Form. Defendant cites two cases in support of this motion, Haines v. Kerner, 404 U.S. 519 (1972), and Louisville and Nashville R.R. Co. v. Schmidt, 177 U.S. 230 (1900). Neither of these cases seem to have any import on the matter at hand."

1 | On its face the government's "OPPOSITION" submitted appears to presume the "NOTICE"
2 | to be a mere motion wherein they possess authority to oppose without benefit of any
3 | supporting facts or evidence.
4 |
5 | Based upon the language in Rule 201, Authorized Representative believes and reasonably
6 | concludes that recognition of a "Judicial Notice" before this Honorable Court is not subject
7 | to opposition by the opposing party, rather it is left to the court to decide if the "NOTICE"
8 | has any "...cognizable claim" or any "import on the matter at hand."
9 |
10 | It is also recognized that "Propria Persona" litigants like "Pro Se" litigants are self-
11 | represented and therefore Authorized Representative believes this Honorable Court will
12 | take cognizable claim and import on the matter at hand that each type litigant bears no
13 | difference when it comes to the "..... inartfully pleaded", and will therefore adopt the same
14 | stare decisis position of those Superior Court opinions accepting the position that the
15 | Authorized Representative must be held to "less stringent standards than formal
16 | pleadings drafted by lawyers."

### REMEDY REQUESTED

18 | Therefore, Authorized Representative pray's this Honorable Court, in the interest of justice
19 | and based upon the preponderance of the facts and evidence presented in this "AMENDED
20 | JUDICIAL NOTICE TO COURT of HAINES v. KERNER 404 U.S. 519 (1972)," reverse its prior
21 | ruling and accept this ""AMENDED JUDICIAL NOTICE TO COURT of HAINES v. KERNER 404
22 | U.S. 519 (1972)."

*[signature]*

2  James-Francis: Murphy
3  Authorized Representative
4  In Care of Postal Department 234277
5  Encinitas, California 92023-4277
6  Tel: 760-230-2868
7  In Propria Persona
8

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | |
| 3 | COPY of the forgoing hand delivered, |
| 4 | This 15th day of August, 2008, to: |
| 5 | U. S. Assistant Attorney Fred Sheppard |
| 6 | 880 Front Street Room 6293 |
| 7 | San Diego, CA |
| 8 | 619-557-5610 |
| 9 | |
| 10 | _____ |
| 11 | |
| 12 | Service performed by: |
| 13 | |
| 14 | |
| 15 | *[signature]* |
| 16 | James-Francis: Murphy, Authorized Representative |
| 17 | In Care of Postal Department 234277 |
| 18 | Encinitas, California  92023-4277 |
| 19 | Tel: 760-230-2868 |
| 20 | In Propria Persona |
| 21 | |