```
 1  James-Francis: Murphy,
 2  In Care of Postal Department 234277
 3  Encinitas, California 92023-4277
 4  Tel: 760-230-2868
 5  In Propria Persona
```

**NUNC PRO TUNC**
AUG 2 5 2008

FILED
08 AUG 27 AM 9:29
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) <br> PLAINTIFF, ) <br> v. ) <br> JAMES FRANCIS MURPHY ) <br> Defendant, ) <br> _____ ) <br> James-Francis: Murphy ) <br>    Third Party Intervener, ) <br>    Real Party in Interest, ) <br>    Authorized Representative ) <br> ) <br> ) | CASE NO. - 08 CR 1196 W <br><br> **EXHIBIT 9** <br><br> **Title 28 Judiciary and Judicial Procedure, U.S.C. Sec. 3002 Pgs 660-662** <br><br> Magistrate Judge Nita L. Stormes <br> August 26, 2008 at 9:30am <br><br> Judge Thomas J. Whelan <br> September 8, 2008 at 2:00pm and <br> September 30, 2008 at 9:00am |

Total pages of **EXHIBIT 9** attached- three (3)

James Francis Murphy, AR, appears and presents this exhibit for the court for submission into evidence now and/or at trial.

Respectfully submitted August 25, 2008,

_/s/ James-Francis: Murphy_
James-Francis: Murphy,
Authorized Representative

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | |
| 3 | COPY of the forgoing hand delivered, |
| 4 | This 25 day of August, 2008, to: |
| 5 | U. S. Assistant Attorney Fred Sheppard |
| 6 | 880 Front Street Room 6293 |
| 7 | San Diego, CA |
| 8 | 619-557-5610 |
| 9 | |
| 10 | _____ |
| 11 | |
| 12 | |
| 13 | Service performed by: |
| 14 | |
| 15 | |
| 16 | *[signature]* |
| 17 | James-Francis: Murphy |
| 18 | In Care of Postal Department 234277 |
| 19 | Encinitas, California a 92023-4277 |
| 20 | Tel: 760-230-2868 |

08/08/21 [Exhibit 9] — Page 2 of 2

original action was pending when Act became effective as set forth in Pub. L. No. 101-647, § 3631(b)(1), 104 Stat. 4789, 4966 (1990), it was not improperly being applied retroactively. FTC v Nat'l Bus. Consultants, Inc. (2004, CA5 La) 376 F3d 317, rch den (2004, CA5 La) 2004 US App LEXIS 15984 and cert den (2005, US) 161 L Ed 2d 277, 125 S Ct 1590.

Government should amend its complaint to plead claims under Federal Debt Collection Procedures Act of 1990 (28 USCS §§ 3001 et seq.), even though effective date of Act was May 29, 1991—over one year after complaint was filed in this action—because action seeks to set aside 2 real estate conveyances in ultimate attempt to satisfy debt owed by grantor by virtue of imposition of criminal fines and restitution, and language clearly makes Act apply to pending actions on "claim for debt" or "judgment for debt." United States v Gelb (1991, ED NY) 783 F Supp 748.

U.S. may proceed with action to void allegedly fraudulent transfers made by party responsible for about $1 million in costs of cleaning up hazardous waste site, even though transfers occurred prior to May 19, 1991 effective date of Federal Debt Collection Practices Act (28 USCS §§ 3001 et seq.), because Act was intended to be given retroactive application to pending "claim for debt" like U.S.'s pending claim to secure payment of its disputed CERCLA (42 USCS §§ 9601 et seq.) recovery. United States v Dickerson (1992, MD Ga) 790 F Supp 1583.

Federal Debt Collection Procedures Act (28 USCS §§ 3001 et seq.) is applicable to action whereby IRS seeks unpaid taxes, despite debtor's claim that there was no action pending against him on May 29, 1991 when Act took effect, because retroactivity provision of Act merely expanded its reach to cases already pending in state courts; it had no effect on claims like this one—existing but not yet brought to action on Act's effective date—which certainly fall under Act. Selbe v United States (1995, WD Va) 912 F Supp 202, 96-1 USTC ¶ 50034, 76 AFTR 2d 6856; 95 TNT 207-16.

**3. Miscellaneous**

Action by Small Business Administration (SBA) to recover on promissory note is granted summarily, even though SBA did not base jurisdiction on 28 USCS § 3001, but rather on state law, because state law is not inconsistent with 28 USCS § 3003 so federal law did not preempt state law, and SBA was not required to base jurisdiction on federal law. United States v Golden Elevator (1994, CD Ill) 868 F Supp 1063.

Summary judgment is granted in favor of U.S. holding former wife liable for remaining debt on federal housing loan, even though divorce decree requires that her former husband pay, because there is no evidence that either HUD or its assignors were made party to divorce proceeding so that decree does not prohibit HUD from recovering from wife under 28 USCS § 3001(a). United States v Brown (1996, MD Ala) 928 F Supp 1093.

## § 3002. Definitions

As used in this chapter [28 USCS §§ 3001 et seq.]:

(1) "Counsel for the United States" means—

(A) a United States attorney, an assistant United States attorney designated to act on behalf of the United States attorney or an attorney with the United States Department of Justice or with a Federal agency who has litigation authority; and

(B) any private attorney authorized by contract made in accordance with section 3718 of title 31 to conduct litigation for collection of debts on behalf of the United States.

(2) "Court" means any court created by the Congress of the United States, excluding the United States Tax Court.

(3) "Debt" means—

(A) an amount that is owing to the United States on account of a direct loan, or loan insured or guaranteed, by the United States; or

(B) an amount that is owing to the United States on account of a fee, duty, lease, rent, service, sale of real or personal property, overpayment, fine, assessment, penalty, restitution, damages, interest, tax, bail bond forfeiture, reimbursement, recovery of a cost incurred by the United States, or other source of indebtedness to the United States, but that is not owing

under the terms of a contract originally entered into by only persons other than the United States;

and includes any amount owing to the United States for the benefit of an Indian tribe or individual Indian, but excludes any amount to which the United States is entitled under section 3011(a) [28 USCS § 3011(a)].

(4) "Debtor" means a person who is liable for a debt or against whom there is a claim for a debt.

(5) "Disposable earnings" means that part of earnings remaining after all deductions required by law have been withheld.

(6) "Earnings" means compensation paid or payable for personal services, whether denominated as wages, salary, commission, bonus, or otherwise, and includes periodic payments pursuant to a pension or retirement program.

(7) "Garnishee" means a person (other than the debtor) who has, or is reasonably thought to have, possession, custody, or control of any property in which the debtor has a substantial nonexempt interest, including any obligation due the debtor or to become due the debtor, and against whom a garnishment under section 3104 or 3205 [28 USCS § 3104 or 3205] is issued by a court.

(8) "Judgment" means a judgment, order, or decree entered in favor of the United States in a court and arising from a civil or criminal proceeding regarding a debt.

(9) "Nonexempt disposable earnings" means 25 percent of disposable earnings, subject to section 303 of the Consumer Credit Protection Act [15 USCS § 1673].

(10) "Person" includes a natural person (including an individual Indian), a corporation, a partnership, an unincorporated association, a trust, or an estate, or any other public or private entity, including a State or local government or an Indian tribe.

(11) "Prejudgment remedy" means the remedy of attachment, receivership, garnishment, or sequestration authorized by this chapter [28 USCS §§ 3001 et seq.] to be granted before judgment on the merits of a claim for a debt.

(12) "Property" includes any present or future interest, whether legal or equitable, in real, personal (including choses in action), or mixed property, tangible or intangible, vested or contingent, wherever located and however held (including community property and property held in trust (including spendthrift and pension trusts)), but excludes—

  (A) property held in trust by the United States for the benefit of an Indian tribe or individual Indian; and

  (B) Indian lands subject to restrictions against alienation imposed by the United States.

(13) "Security agreement" means an agreement that creates or provides for a lien.

(14) "State" means any of the several States, the District of Columbia, the Commonwealth of Puerto Rico, the Commonwealth of the Northern Marianas, or any territory or possession of the United States.

(15) "United States" means—

 (A) a Federal corporation;
 (B) an agency, department, commission, board, or other entity of the United States; or
 (C) an instrumentality of the United States.
 (16) "United States marshal" means a United States marshal, a deputy marshal, or an official of the United States Marshals Service designated under section 564 [28 USCS § 564].

(Added Act Nov. 29, 1990, P. L. 101-647, Title XXXVI, Subtitle A, § 3611, 104 Stat. 4933.)

### HISTORY; ANCILLARY LAWS AND DIRECTIVES

**Effective date of section:**

This section became effective 180 days after enactment, as provided by § 3631(a) of Act Nov. 29, 1990, P. L. 101-647, which appears as 28 USCS § 3001 note.

**Other provisions:**

**Application of section.** For provisions relating to application of this section, see § 3631(b) of Act Nov. 29, 1990, P. L. 101-647, which appears as 28 USCS § 3001 note.

### RESEARCH GUIDE

**Federal Procedure:**

11 Fed Proc L Ed, Enforcement of Judgments § 31:109.

**Am Jur:**

9 Am Jur 2d, Bankruptcy § 32.

30 Am Jur 2d, Executions and Enforcements of Judgments §§ 815, 816.

### INTERPRETIVE NOTES AND DECISIONS

1. Debt
2. Miscellaneous

**1. Debt**

NLRB can use Federal Debt Collection Procedures Act (28 USCS §§ 3001 et seq.) to recover backpay awards resulting from unfair labor practices, because backpay award is debt owing to United States within meaning of 28 USCS § 3002(3), despite fact that money obtained will go to individual employees. NLRB v E.D.P. Medical Computer Sys. (1993, CA2 NY) 6 F3d 951, 144 BNA LRRM 2457, 126 CCH LC ¶ 10930.

Standing disgorgment order entered on behalf of Securities and Exchange Commission following settlement of prosecution for securities fraud is not "debt" subject to Debt Collection Act. SEC v AMX, Int'l (1993, CA5 Tex) 7 F3d 71, CCH Fed Secur L Rep ¶ 97817.

Order of disgorgement fashioned at behest of SEC is not "debt" as contemplated by Debt Collection Procedures Act; repayment is therefore not subject to state property law exemptions incorporated into Act. SEC v Huffman (1993, CA5 Tex) 996 F2d 800, CCH Fed Secur L Rep ¶ 97680, 119 ALR Fed 789, reh, en banc, den (1993, CA5 Tex) 4 F3d 992 and (criticized in SEC v First Pac. Bancorp (1998, CA9 Cal) 142 F3d 1186, 98 CDOS 3143, 98 Daily Journal DAR 4343, CCH Fed Secur L Rep ¶ 90197).

Order of restitution issued pursuant to Child Support Recovery Act, 18 USCS § 228, is not "debt" within meaning of 28 USCS § 3002 because it is not owed to United States. United States v Bongiorno (1997, CA1 Mass) 106 F3d 1027, reh, en banc, den, stay den (1997, CA1) 1997 US App LEXIS 8083 and reh den (1997, CA1) 110 F3d 132 and reh, en banc, den (1997, CA1) 1997 US App LEXIS 7929 and (criticized in FTC v Nat'l Bus. Consultants, Inc. (2004, CA5 La) 376 F3d 317).

Federal Debt Collection Procedure Act, 28 USCS §§ 3001-3308, applied only to amounts owing as debts and amount owed on judgment entered in favor of Federal Trade Commission was debt as defined under 28 USCS § 3002(3)(B). FTC v Nat'l Bus. Consultants, Inc. (2004, CA5 La) 376 F3d 317, reh den (2004, CA5 La) 2004 US App LEXIS 15984 and cert den (2005, US) 161 L Ed 2d 277, 125 S Ct 1590.