| | |
|---|---|
| 1  James-Francis: Murphy, | **NUNC PRO TUNC**  FILED |
| 2  In Care of Postal Department 234277 | AUG 2 5 2008   08 AUG 27 AM 9:30 |
| 3  Encinitas, California 92023-4277 | |
| 4  Tel: 760-230-2868 | CLERK, U.S. DISTRICT COURT |
| 5  In Propria Persona | SOUTHERN DISTRICT OF CALIFORNIA |
| | BY: _____ DEPUTY |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**  ) | CASE NO. - 08 CR 1196 W |
| PLAINTIFF,  ) | |
| v.  ) | **EXHIBIT 14** |
| JAMES FRANCIS MURPHY  ) | |
| Defendant,  ) | **Aldinger v. Howard** |
|  ) | **427 U.S. 1 (1976)** |
| _____  ) | |
| James-Francis: Murphy  ) | Magistrate Judge Nita L. Stormes |
|   Third Party Intervener,  ) | August 26, 2008 at 9:30am |
|   Real Party in Interest,  ) | |
|   Authorized Representative  ) | Judge Thomas J. Whelan |
|  ) | September 8, 2008 at 2:00pm and |
|  ) | September 30, 2008 at 9:00am |

Total pages of **EXHIBIT 14** attached- two (2)

James Francis Murphy, AR, appears and presents this exhibit for the court for submission into evidence now and/or at trial.

Respectfully submitted August 25, 2008,

_James-Francis: Murphy_ (signature)
James-Francis: Murphy,
Authorized Representative

1 | **CERTIFICATE OF SERVICE**
2 |
3 | COPY of the forgoing hand delivered,
4 | This 25 day of August, 2008, to:
5 | U. S. Assistant Attorney Fred Sheppard
6 | 880 Front Street Room 6293
7 | San Diego, CA
8 | 619-557-5610
9 |
10 | _____
11 |
12 |
13 | Service performed by:
14 |
15 |
16 | /s/
17 | James-Francis: Murphy
18 | In Care of Postal Department 234277
19 | Encinitas, California a  92023-4277
20 | Tel: 760-230-2868

US Supreme Court Center> US Supreme Court Cases & Opinions> Volume 427 > ALDINGER V. HOWARD, 427 U. S. 1 (1976)

## ALDINGER V. HOWARD, 427 U. S. 1 (1976)

Subscribe to Cases that cite 427 U. S. 1

Google                                          [ Search Cases ]

Free Cobranding of the US Supreme Court Center
Link to Cases & Search with Linkback and Cobranding - Lean More

Link to the Case Preview: http://supreme.justia.com/us/427/1/

Link to the Full Text of Case: http://supreme.justia.com/us/427/1/case.html

# U.S. Supreme Court

## Aldinger v. Howard, 427 U.S. 1 (1976)

Aldinger v. Howard

No. 74-6521

Argued March 24, 1976

Decided June 24, 1976

427 U.S. 1

*Syllabus*

After petitioner had been discharged without a hearing by respondent county treasurer from her job in his office, she brought suit against the treasurer, the respondent county, and other county officers in Federal District Court under 42 U.S.C. § 1983, claiming that her discharge violated her federal constitutional rights and seeking injunctive relief and damages. Jurisdiction over the federal claim was asserted under 28 U.S.C. § 1343(3), which gives federal district courts jurisdiction over "any civil action authorized by law to be commenced by any person" to redress the deprivation, under color of state law, of federal constitutional rights, and pendent jurisdiction was alleged to lie over a state law claim against the county. The District Court dismissed the action as to the county on the ground that, since the county was not suable as a "person" under § 1983, there was no independent basis of jurisdiction over it, and that thus the court had no power to exercise pendent jurisdiction over the claim against the county. On an appeal from this dismissal, the Court of Appeals affirmed.

*Held:* A fair reading of the language used in § 1343(3), together with the scope of § 1983, under which counties are excluded from the "person[s]" answerable to the

Page 427 U. S. 2

plaintiff "in an action at law [or] suit in equity" to redress the enumerated deprivations, requires a holding that the joinder of a municipal corporation, like the county here, for purposes of asserting a state law claim not within federal jurisdiction, is without the District Court's statutory jurisdiction. While, with respect to litigation where nonfederal questions or claims were bound up with the federal claim upon which the parties were already in federal court, there is nothing in Art. III's grant of judicial power that prevents adjudication of the nonfederal portions of the parties' dispute, it is quite another thing to permit a nonfederal claim, in turn, to be the basis for joining a party over whom no independent federal jurisdiction exists, simply because that claim derives from the "common nucleus of operative fact," giving rise to the dispute between the parties to the federal claim. *Mine Workers v. Gibbs,* 383 U. S. 715, distinguished. The addition of a completely new party under such circumstances would run counter to the well established principle that federal courts, as opposed to state trial courts of general jurisdiction, are courts of limited

jurisdiction marked out by Congress. Pp. 427 U. S. 6-19.

513 F.2d 1257, affirmed.

REHNQUIST, J., delivered the opinion of the Court, in which BURGER, C.J., and STEWART, WHITE, POWELL, and STEVENS, JJ., joined. BRENNAN, J., filed a dissenting opinion, in which MARSHALL and BLACKMUN, JJ., joined, post, p. 427 U. S. 19.



[ Search Cases ]

US Supreme Court Cases | by Volume | by Year    Oyez Supreme Court Multimedia | Dog Law | US Laws | US Federal Court Appeals Opinions
Blawgs.FM Constitutional Law PodCasts | BlawgSearch.com Constitutional Law Blogs | Lawyer and Legal Aid & Services Directory

Copyright © Justia & Oyez & Forms WorkFlow :: Terms of Service :: Privacy Policy :: Have a Happy Day!