```
1  James-Francis: Murphy,                    NUNC PRO TUNC      FILED
2  In Care of Postal Department 234277        AUG 2 5 2008    08 AUG 27 AM 9:30
3  Encinitas, California [92023-4277]
4  Tel: 760-230-2868                                          CLERK, U.S. DISTRICT COURT
5  In Propria Persona                                         SOUTHERN DISTRICT OF CALIFORNIA
6
7                                                             BY:            DEPUTY
8
9            UNITED STATES DISTRICT COURT
10           SOUTHERN DISTRICT OF CALIFORNIA
11
12 UNITED STATES OF AMERICA        )   CASE NO. - 08 CR 1196 W
13         PLAINTIFF,               )
14         v.                       )   EXHIBIT 18
15 JAMES FRANCIS MURPHY             )
16         Defendant,                )   50 USCS Appx Section 12
17                                   )
18 _____  )
19 James-Francis: Murphy             )   Magistrate Judge Nita L. Stormes
20    Third Party Intervener,        )   August 26, 2008 at 9:30am
21    Real Party in Interest,        )
22    Authorized Representative      )   Judge Thomas J. Whelan
23                                   )   September 8, 2008 at 2:00pm and
24                                   )   September 30, 2008 at 9:00am
25
26
27 Total pages of EXHIBIT 18 attached- eight (8)
28
29 James Francis Murphy, AR, appears and presents this exhibit for the court for
30 submission into evidence now and/or at trial.
31
32
33
34 Respectfully submitted August 25, 2008,
35 _____
36 James-Francis: Murphy,
37 Authorized Representative
38
```

08/08/21 [Exhibit 18] — Page 1 of 2

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | |
| 3 | COPY of the forgoing hand delivered, |
| 4 | This 25 day of August, 2008, to: |
| 5 | U. S. Assistant Attorney Fred Sheppard |
| 6 | 880 Front Street Room 6293 |
| 7 | San Diego, CA |
| 8 | 619-557-5610 |
| 9 | |
| 10 | _____ |
| 11 | |
| 12 | |
| 13 | Service performed by: |
| 14 | |
| 15 | |
| 16 | *[signature]* |
| 17 | James-Francis: Murphy |
| 18 | In Care of Postal Department 234277 |
| 19 | Encinitas, California a 92023-4277 |
| 20 | Tel: 760-230-2868 |

50 USCS Appx § 11                    WAR AND NATIONAL DEFENSE

**RESEARCH GUIDE**

Am Jur:

3A Am Jur 2d, Aliens and Citizens § 1077.

8 Am Jur 2d, Bail and Recognizance § 202.

### § 12. Property transferred to Alien Property Custodian

All moneys (including checks and drafts payable on demand) paid to or received by the Alien Property Custodian pursuant to this Act shall be deposited forthwith in the Treasury of the United States, and may be invested and reinvested by the Secretary of the Treasury in United States bonds or United States certificates of indebtedness, under such rules and regulations as the President shall prescribe for such deposit, investment, and sale of securities; and as soon after the end of the war as the President shall deem practicable, such securities shall be sold and the proceeds deposited in the Treasury.

All other property of an enemy, or ally of enemy, conveyed, transferred, assigned, delivered, or paid to the Alien Property Custodian hereunder shall be safely held and administered by him except as hereinafter provided; and the President is authorized to designate as a depositary or depositaries, of property of an enemy or ally of enemy, any bank, or banks, or trust company, or trust companies, or other suitable depositary or depositaries, located and doing business in the United States. The Alien Property Custodian may deposit with such designated depositary or depositaries, or with the Secretary of the Treasury, any stocks, bonds, notes, time drafts, time bills of exchange or other securities, or property (except money or checks or drafts payable on demand which are required to be deposited with the Secretary of the Treasury) and such depositary or depositaries shall be authorized and empowered to collect any dividends or interest or income that may become due and any maturing obligations held for the account of such custodian. Any moneys collected on said account shall be paid and deposited forthwith by said depositary or by the Alien Property Custodian into the Treasury of the United States as hereinbefore provided.

The President shall require all such designated depositaries to execute and file bonds sufficient in his judgment to protect property on deposit, such bonds to be conditioned as he may direct.

The Alien Property Custodian shall be vested with all of the powers of a common-law trustee in respect of all property, other than money, which has been or shall be, transferred, assigned, delivered, or paid over to him in pursuance of the provisions of this Act, and, in addition thereto, acting under the supervision and direction of the President, and under such rules and regulations as the President shall prescribe, shall have power to manage such property and do any act or things in respect thereof or make any disposition thereof or of any part thereof, by sale or otherwise, and exercise any rights or powers which may be or become appurtenant thereto or to the ownership thereof in like manner as though he were the absolute owner thereof: *Provided*, That any property sold under this Act, except when sold

TRADING WITH THE ENEMY                         50 USCS Appx § 12

to the United States, shall be sold only to American citizens, at public sale to the highest bidder, after public advertisement of time and place of sale which shall be where the property or major portion thereof is situated, unless the President stating the reasons therefor, in the public interest shall otherwise determine: *Provided further,* That when sold at public sale, the Alien Property Custodian upon the order of the President stating the reasons therefor, shall have the right to reject all bids and resell such property at public sale or otherwise as the President may direct. Any person purchasing property from the Alien Property Custodian for an undisclosed principal, or for re-sale to a person not a citizen of the United States, or for the benefit of a person not a citizen of the United States, shall be guilty of a misdemeanor, and, upon conviction, shall be subject to a fine of not more than $10,000, or imprisonment for not more than ten years, or both, and the property shall be forfeited to the United States. It shall be the duty of every corporation incorporated within the United States and every unincorporated association, or company, or trustee, or trustees within the United States issuing shares or certificates representing beneficial interests to transfer such shares or certificates upon its, his, or their books into the name of the Alien Property Custodian upon demand, accompanied by the presentation of the certificates which represent such shares or beneficial interests. The Alien Property Custodian shall forthwith deposit in the Treasury of the United States, as hereinbefore provided, the proceeds of any such property or rights so sold by him.

Any money or property required or authorized by the provisions of this Act to be paid, conveyed, transferred, assigned, or delivered to the Alien Property Custodian shall, if said custodian shall so direct by written order, be paid, conveyed, transferred, assigned, or delivered to the Treasurer of the United States with the same effect as if to the Alien Property Custodian.

After the end of the war any claim of any enemy or of an ally of enemy to any money or other property received or held by the Alien Property Custodian or deposited in the United States Treasury, shall be settled as Congress shall direct: *Provided, however,* That on order of the President as set forth in section nine hereof [50 USCS Appx. § 9], or of the court, as set forth in sections nine and ten hereof [50 USCS Appx. §§ 9, 10], the Alien Property Custodian or the Treasurer of the United States, as the case may be, shall forthwith convey, transfer, assign, and pay to the person to whom the President shall so order, or in whose behalf the court shall enter final judgment or decree, any property of an enemy or ally of enemy held by said custodian or by said Treasurer, so far as may be necessary to comply with said order of the President or said final judgment or decree of the court: And provided further, That the Treasurer of the United States, on order of the Alien Property Custodian shall, as provided in section ten hereof [50 USCS Appx. § 10], repay to the licensee any funds deposited by said licensee.
(Oct. 6, 1917, ch 106, § 12, 40 Stat. 423; March 28, 1918, ch 28, § 1, 40 Stat. 460.)

**50 USCS Appx § 12**                    WAR AND NATIONAL DEFENSE

## HISTORY; ANCILLARY LAWS AND DIRECTIVES

**References in text:**

"This Act", referred to in this section, is Act Oct. 6, 1917, ch 106, 40 Stat. 415, which appears generally as 50 USCS Appx. §§ 1 et seq. For full classification of this Act, consult USCS Tables volumes.

**Amendments:**

1918. Act March 28, 1918, substituted new fourth unnumbered para. for one which read: "The alien property custodian shall be vested with all of the powers of a common-law trustee in respect of all property, other than money, which shall come into his possession in pursuance of the provisions of this Act, and, acting under the supervision and direction of the President, and under such rules and regulations as the President shall prescribe, may manage such property and do any act or things in respect thereof or make any disposition thereof or of any part thereof, by sale or otherwise, and exercise any rights which may be or become appurtenant thereto or to the ownership thereof, if and when necessary to prevent waste and protect such property and to the end that the interests of the United States in such property and rights or of such person as may ultimately become entitled thereto, or to the proceeds thereof, may be preserved and safeguarded. It shall be the duty of every corporation incorporated within the United States and every unincorporated association, or company, or trustee, or trustees within the United States issuing shares or certificates representing beneficial interests to transfer such shares or certificates upon its, his, or their books into the name of the alien property custodian upon demand, accompanied by the presentation of the certificates which represent such shares or beneficial interests. The alien property custodian shall forthwith deposit in the Treasury of the United States, as hereinbefore provided, the proceeds of any such property or rights so sold by him.".

**Transfer of functions:**

Functions of the Alien Property Custodian or the Office of the Alien Property Custodian were transferred to the Attorney General, except that those relating to property or interests in the Philippines which were transferred to the President, by Reorg. Plan No. 1 of 1947, § 101, effective July 1, 1947, 12 Fed. Reg. 4534, 61 Stat. 951, located at 5 USCS § 903 note.

For other transfers of functions to and from the Office of Alien Property Custodian, see 50 USCS Appx. § 6 notes.

**Other provisions:**

**Delegation of power.** Ex. Or. No. 6237A, of July 30, 1933, provided: "I hereby vest in the Alien Property Custodian, and in the event of his death, resignation, absence, or disability, in the General Counsel, and in the event of his death, resignation, absence, or disability during his period of authority, then in the Director of Finance and Accounts of the Office of the Alien Property Custodian, all power and authority conferred upon me by the provisions of the act approved October 6, 1917, known as the "Trading With the Enemy Act," as amended [50 USCS Appx. §§ 1 et seq.] pertaining to the deposit, transfer, and payment of moneys, and interest which may have accrued thereon, which may be or have been deposited with the Treasurer of the United States, and to release and deliver property held under and by virtue of said acts: *Provided, however,* That all claims which are required to be submitted to

TRADING WITH THE ENEMY                    50 USCS Appx § 12, n 2

the Attorney General and to the President, as provided in Executive Order No. 4862 of April 23, 1928, shall continue to be submitted to the Attorney General and to the President. Any order of payment of money, and interest, which may be executed by said officials shall constitute a ratification of all previous orders or acts, by virtue of which the funds in the possession of the Treasurer of the United States have been placed to the credit of the particular trusts on which such orders are drawn. I hereby revoke all former orders in conflict herewith.".

### CROSS REFERENCES

Accumulated interest and profits, "unallocated interest fund," 50 USCS Appx § 28.

This section is referred to in 28 USCS § 2680; 50 USCS Appx §§ 9, 26, 28.

### RESEARCH GUIDE

**Am Jur:**

3A Am Jur 2d, Aliens and Citizens § 1077.

78 Am Jur 2d, War §§ 56, 63.

### INTERPRETIVE NOTES AND DECISIONS

**I. IN GENERAL**
1. Constitutionality
2. Delegation of power to Custodian
3. Effect of amendment
4. Effect of termination of war

**II. PROPERTY TRANSFERRED TO CUSTODIAN**
5. Property subject to seizure
6. Effect of seizure
7. Refusal after demand
8. Interest of Custodian in seized property
9. Payment into Treasury
10. Stock transfers
11. Deduction of administration expenses
12. Corporations entitled to recover property

**III. SALE OF PROPERTY**
13. Authority to sell
14. Construction, validity and effect of sale
15. Public or private sale
16. Ratification of sale
17. Liability of trustee

**IV. PRACTICE AND PROCEDURE**
18. Jurisdiction
19. Standing
20. Parties
21. Appearance by Attorney General
22. Stay of sale
23. Statute of limitations

**I. IN GENERAL**

**1. Constitutionality**

50 USCS Appx § 12 is not unconstitutional as delegation of legislative power or as in conflict with Fifth Amendment to Constitution (USCS Const. Amend. 5). United States v Chemical Foundation, Inc. (1924, DC Del) 294 F 300, affd (1925, CA3 Del) 5 F2d 191, mod on other grounds (1926) 272 US 1, 71 L Ed 131, 47 S Ct 1 (superseded by statute on other grounds as stated in Blue Cross Asso. & Blue Shield Asso. (1989, ASBCA) 89-2 BCA P 21840).

**2. Delegation of power to Custodian**

President can delegate his discretionary powers under 50 USCS Appx § 12 to Alien Property Custodian. United States Chemical Foundation, Inc. (1925, CA3 Del) 5 F2d 191, mod on other grounds (1926) 272 US 1, 71 L Ed 131, 47 S Ct 1 (superseded by statute on other grounds as stated in Blue Cross Asso. & Blue Shield Asso. (1989, ASBCA) 89-2 BCA P 21840).

Congress intended Alien Property Custodian should be vested with all powers of common-law trustee with respect to all property, other than money, which came into his possession. Commissioner v Stearns (1933, CA2) 65 F2d 371, 3 USTC P 1098, 12 AFTR 786, cert den (1933) 290 US 670, 78 L Ed 579, 54 S Ct 90; Commonwealth ex rel. Attorney Gen. v Von Zedtwitz (1926) 215 Ky 413, 285 SW 224, cert den (1926) 273 US 735, 71 L Ed 866, 47 S Ct 243.

Congress has, by 50 USCS Appx § 12, conferred upon Alien Property Custodian broad and general power of attorney by defining his powers in terms of those of common-law trustee; attorney general, in his capacity as custodian of alien property, is not distinct juristic entity, but agent of United States. Carey v United States (1960) 149 Ct Cl 587, 276 F2d 385, 125 USPQ 138.

151

**50 USCS Appx § 12 , n 3**

**3. Effect of amendment**

Amendment of 50 USCS Appx § 12 by Act Mar. 28, 1918, did not repeal § 9 or deprive adverse claimant of speedy remedy under § 9. Central Union Trust Co. v Garvan (1921) 254 US 554, 65 L Ed 403, 41 S Ct 214.

**4. Effect of termination of war**

Joint resolution declaring war ended did not take from property seized its status as "enemy property." Farmers' Loan & Trust Co. v Hicks (1925, CA2 NY) 9 F2d 848, cert den (1925) 269 US 583, 70 L Ed 424, 46 S Ct 120.

Termination of war leaves sequestered property subject to disposition as Congress may legislate. Swiss Nat'l Ins. Co. v Miller (1923) 53 App DC 173, 289 F 571, affd (1925) 267 US 42, 69 L Ed 504, 45 S Ct 213.

Joint Resolution of July 2, 1921, declaring war at end, did not bar right of Custodian to compel issuance of stock in his name. Hicks v Baltimore & O. R. Co. (1926, DC Md) 10 F2d 606.

Charitable trust in remainder, created before World War II for benefit of German charity, was not invalidated by that war and provisions of Trading with the Enemy Act. Brownell v Fidelity Union Trust Co. (1954, DC NJ) 119 F Supp 755.

**II. PROPERTY TRANSFERRED TO CUSTODIAN**

**5. Property subject to seizure**

Custodian may obtain possession of securities deposited by alien enemy insurance company with states as security for its policyholders. Garvan v $20,000 Bonds (1920, CA2 NY) 265 F 477, affd (1921) 254 US 554, 65 L Ed 403, 41 S Ct 214; Stohr v Wallace (1920, DC NY) 269 F 827, affd (1921) 255 US 239, 65 L Ed 604, 41 S Ct 293.

Where American bank reported to Custodian that it had on deposit specified sum to credit of Austrian bank, Custodian had authority to accept bonds to amount of deposit on condition that title should not pass to Custodian until credit due American bank in Austrian bank was ascertained, and on such ascertainment to repay to American bank amount of such credit. Anglo Oesterreichische Bank v First Nat'l Bank (1928, DC Pa) 24 F2d 119.

Custodian has right to accrued royalties on seizure of patent. Chemical Foundation, Inc. v E. I. Du Pont De Nemours & Co. (1928, DC Del) 29 F2d 597, affd (1930, CA3 Del) 39 F2d 366, affd (1931) 283 US 152, 75 L Ed 919, 51 S Ct 403.

Award under Workmen's Compensation Act to which nonresident alien was entitled, was properly paid to Custodian. Maryland Casualty Co. v Chamos (1924) 203 Ky 820, 263 SW 370.

**6. Effect of seizure**

Enemy owners are divested of every right in re-

**WAR AND NATIONAL DEFENSE**

spect of property. Woodson v Deutsche Gold und Silber Scheideanstalt Vormals Roessler (1934) 292 US 449, 78 L Ed 1357, 54 S Ct 804.

Where insurance company whose capital stock was owned by enemy nationals was permitted to do business during war under license, all its profits earned during war were in all respects as other property owned by it, and when taken by Alien Property Custodian became property of United States absolutely, to be disposed of after war as Congress deemed expedient. Swiss Nat'l Ins. Co. v Crowley (1943) 78 US App DC 1, 136 F2d 265, cert den (1943) 320 US 763, 88 L Ed 455, 64 S Ct 70.

Enemy from whom property has been seized has no rights whatsoever with respect to its return or disposition. Munich Reinsurance Co. v First Reinsurance Co. (1925, CA2 Conn) 6 F2d 742, app dismd (1927) 273 US 666, 71 L Ed 830, 47 S Ct 458.

Where trustee holding trust fund for foreign insurance corporation is required to surrender it to Custodian, claims of policyholders in United States are preserved unimpaired. Farmers' Loan & Trust Co. v Hicks (1925, CA2 NY) 9 F2d 848, cert den (1925) 269 US 583, 70 L Ed 424, 46 S Ct 120.

**7. Refusal after demand**

Custodian has authority to refuse to accept property tendered to him after demand by such custodian. Aachen & Munich Fire Ins. Co. v Guaranty Trust Co. (1928, CA2 NY) 27 F2d 674, cert den (1928) 278 US 648, 73 L Ed 560, 49 S Ct 83.

**8. Interest of Custodian in seized property**

Rights of Custodian as to stock seized are not superior to rights of corporation or of its stockholders. Sutherland v Selling (1926, CA9 Or) 16 F2d 865, cert den (1927) 273 US 760, 71 L Ed 878, 47 S Ct 475.

Custodian assuming custody of corporate stock had power to vote as stockholder for sale of assets of corporation, as against claim that owner of stock was not alien enemy. Sielcken-Schwarz v American Factors, Ltd. (1932, CA2 NY) 60 F2d 43, cert den (1932) 287 US 654, 77 L Ed 565, 53 S Ct 117.

Custodian holds property as trustee in interest of public and not in interest of former owner. Junkers v Chemical Foundation, Inc. (1922, DC NY) 287 F 597.

Where Custodian seizes interest and corpus of trust he may handle property as though he were absolute owner, although he does not have to do anything other than to preserve it. Central Hanover Bank & Trust Co. v Markham (1946, DC NY) 68 F Supp 829.

Custodian by his demand takes whatever title the enemy has; he takes and acquires no greater

| TRADING WITH THE ENEMY | 50 USCS Appx § 12 , n 14 |

right. In re People by Beha (1931) 256 NY 177, 176 NE 133, reh den (1931) 256 NY 680, 177 NE 191 and cert den (1931) 284 US 678, 76 L Ed 573, 52 S Ct 140.

Custodian can vote corporate stock seized by him and elect directors. 33 Op Atty Gen 469.

### 9. Payment into Treasury

In absence of proof to contrary it is presumed that money deposited with Custodian has been paid into Treasury of United States. Kuttroff v Sutherland (1933, CA2 NY) 66 F2d 500.

After Custodian has paid over money to Treasurer, suit will not lie against him to recover same. Kuttroff v Sutherland (1931, DC NY) 49 F2d 944, reh den (1932, DC NY) 56 F2d 862.

### 10. Stock transfers

Demand by custodian that corporation transfer shares in which alien enemy had interest was symbolic seizure sufficient to support demand made after war for transfer without surrender of old certificates as authorized by 50 USCS Appx § 7. Great N. R. Co. v Sutherland (1927) 273 US 182, 71 L Ed 596, 47 S Ct 315.

After amendment of November 4, 1918, to 50 USCS Appx § 7(c), it was not necessary that outstanding certificates for corporation stock held by alien enemies should be produced as condition to cancellation on books and issue of new certificates to custodian. Miller v Kaliwerke Aschersleben Aktien-Gesellschaft (1922, CA2 NY) 283 F 746; Garvan v Marconi Wireless Tel. Co. (1921, DC NJ) 275 F 486.

### 11. Deduction of administration expenses

Even if Custodian is entitled to deduct from property recovered certain percentage for expenses, there is no authority for making such deduction from property of one not alien enemy, and which he was not entitled to seize. Escher v Woods (1930) 281 US 379, 74 L Ed 918, 50 S Ct 337.

Property seized or its proceeds may be appropriated, as far as may be deemed necessary, for payment of expenses incurred in seizure and subsequent administration. Woodson v Deutsche Gold und Silber Scheideanstalt Vormals Roessler (1934) 292 US 449, 78 L Ed 1357, 54 S Ct 804.

Alien enemy is not entitled to maintain suit against Collector of Internal Revenue to recover income tax paid by Custodian. Chemische Fabrik Von Heyden Aktiengesellschaft v Tait (1932, DC Md) 58 F2d 814, 11 AFTR 308, affd (1933, CA4 Md) 64 F2d 295, 3 USTC P 1086, 12 AFTR 399, cert den (1933) 290 US 648, 78 L Ed 562, 54 S Ct 65.

### 12. Corporations entitled to recover property

Nonenemy corporation may recover property seized by custodian on ground that some of its stockholders were enemies. Behn, Meyer & Co. v Miller (1925) 266 US 457, 69 L Ed 374, 45 S Ct 165.

Swiss corporation doing business in Germany during war is not entitled, by virtue of Joint Resolution of July 2, 1921, to return of property seized by custodian. Swiss Nat'l Ins. Co. v Miller (1925) 267 US 42, 69 L Ed 504, 45 S Ct 213.

### III. SALE OF PROPERTY

### 13. Authority to sell

Amended Trading with the Enemy Act empowered President to authorize, and Alien Property Custodian, acting under him, to consummate, sale of chemical patents belonging to alien enemies, to Chemical Foundation. United States v Chemical Foundation, Inc. (1926) 272 US 1, 71 L Ed 131, 47 S Ct 1 (superseded by statute on other grounds as stated in Blue Cross Asso. & Blue Shield Asso. (1989, ASBCA) 89-2 BCA P 21840).

Sale by Custodian to director general of railroads was to direct agency of United States; hence, it was within exception of paragraph four. Sigg-Fehr v White (1923) 52 App DC 215, 285 F 949.

Sixth paragraph of 50 USCS Appx § 12 does not control disposition of enemy property during continuation of war. United States v Chemical Foundation, Inc. (1924, DC Del) 294 F 300, affd (1925, CA3 Del) 5 F2d 191, mod (1926) 272 US 1, 71 L Ed 131, 47 S Ct 1 (superseded by statute on other grounds as stated in Blue Cross Asso. & Blue Shield Asso. (1989, ASBCA) 89-2 BCA P 21840).

President is authorized to dispense with any or all of requirements specified in first proviso of fourth paragraph of 50 USCS Appx § 12; under trading with the Enemy Act, Alien Property Custodian, in exercise of authority delegated by President, and on making determination required by statute, is authorized to sell property in Philippine Islands to Filipinos. 40 Op Atty Gen 432.

Power of custodian to sell is derived from seizure of property. Miller v Lautenburg (1924) 239 NY 132, 145 NE 907.

### 14. Construction, validity and effect of sale

Corporation not owning or having any interest in property seized and proposed to be sold as enemy property under Trading with the Enemy Act is not in position to criticize or attack sale; and stockholder suing in right of corporation is in no better position. Stoehr v Wallace (1921) 255 US 239, 65 L Ed 604, 41 S Ct 293.

No principle requires transfer by Alien Property Custodian to be given effect outside of United States. Ingenohl v Olsen & Co. (1927) 273 US 541, 71 L Ed 762, 47 S Ct 451.

Failure of Alien Property Custodian to retain possession of property seized under Trading with

**50 USCS Appx § 12 , n 14**  WAR AND NATIONAL DEFENSE

the Enemy Act and his disbursement of proceeds of such property does not preclude inquiry as to propriety of disposition made of property and its proceeds nor preclude action by non-enemy owner under §§ 7 and 9 of Act. Becker Steel Co. v Cummings (1935) 296 US 74, 80 L Ed 54, 56 S Ct 15.

Sale and transfer by Custodian of "the business as a going concern and the good will" together with "all registered and unregistered trade-marks, trade-names and the like" and "all privileges, franchises, and rights of every kind" owned by German corporation conveyed to purchaser exclusive right to carry on business in United States, with right of protection in equity from interference by corporation. Koppel Industrial Car & Equipment Co. v Orenstein & Koppel Aktiengesellschaft (1923, CA2 NY) 289 F 446.

Decree prohibiting interference by German alien enemy with purchaser of American branch of its business at sale by custodian did not preclude such alien from carrying on business after war in another name. Koppel Industrial Car & Equipment Co. v Orenstein & Koppel Aktiengesellschaft (1928, CA2 NY) 25 F2d 716, cert den (1928) 278 US 615, 73 L Ed 539, 49 S Ct 20.

Where there has been no legal seizure by custodian, sale of property by him confers no title on purchaser. Isenberg v Trent Trust Co. (1928, CA9 Hawaii) 26 F2d 609, cert den (1929) 279 US 862, 73 L Ed 1001, 49 S Ct 479.

Sale by custodian of trade-mark and good will of business conducted by agent of German manufacturer did not include secret recipe. Mulhens & Kropff, Inc. v Ferd Muelhens, Inc. (1927, DC NY) 22 F2d 191.

Evidence established that plaintiff's property was duly seized and vested by custodian and thereafter duly sold at private sale (after highest bidder at public auction had refused to complete sale) as result of which good title was transferred to and vested in defendant; sufficiency of its title could not be litigated. Ecker v Atlantic Refining Co. (1954, DC Md) 125 F Supp 605, affd (1955, CA4 Md) 222 F2d 618, cert den (1955) 350 US 847, 100 L Ed 754, 76 S Ct 84.

Criminal provision of 50 USCS Appx § 12 in fourth paragraph does not penalize purchase by alien for benefit of, or for resale to other aliens when such other aliens might have also made original purchase. 40 Op Atty Gen 432.

Rights as to trade name on purchase of assets of corporation from custodian, notwithstanding sale, were to alien and were fraudulent. American Bosch Magneto Corp. v Robert Bosch Magneto Co. (1926) 127 Misc 119, 215 NYS 387, affd (1928) 223 App Div 759, 227 NYS 765.

**15. Public or private sale**

Executive order describing patents seized under Trading with the Enemy Act and authorizing private sale of them without advertisement, is not invalid as delegating to Alien Property Custodian authority conferred upon President by proviso of act that sales shall be made in accordance with determination of President, provided that property shall be sold at public sale to highest bidder, after public advertisement unless President, stating reasons therefor, in public interest, shall otherwise determine. United States v Chemical Foundation, Inc. (1926) 272 US 1, 71 L Ed 131, 47 S Ct 1 (superseded by statute on other grounds as stated in Blue Cross Asso. & Blue Shield Asso. (1989, ASBCA) 89-2 BCA P 21840).

Sale of property under power of attorney at private instead of public sale is cured by provisions of § 5 of Treaty of Peace with Germany signed August 25, 1921. Lange v Wingrave (1924, DC La) 295 F 565.

**16. Ratification of sale**

Orders authorizing sale by Alien Property Custodian of all letters patent, including all profits and damages for past infringements which Custodian may authorize, and which he from time to time shall determine relate to objects and purposes of Chemical Foundation, are ratified by order of President reciting what Custodian undertook to sell and authorizing him to sell at private sale, without advertisement, to Foundation, and by suitable instrument to confirm and ratify sales theretofore made by him of any property as to which his authority might be deemed doubtful. United States v Chemical Foundation, Inc. (1926) 272 US 1, 71 L Ed 131, 47 S Ct 1 (superseded by statute on other grounds as stated in Blue Cross Asso. & Blue Shield Asso. (1989, ASBCA) 89-2 BCA P 21840).

**17. Liability of trustee**

Designated depositary, taking possession of trust estate, some of beneficiaries of which were alien enemies, and thereafter becoming successor to trustees, occupied inconsistent positions, so that it was liable to beneficiaries where it sold property in its capacity as depositary on order of custodian, and failed to protect interests of beneficiaries, though it had knowledge that there had been no legal seizure by custodian for want of sufficient demand for transfer to him. Isenberg v Trent Trust Co. (1928, CA9 Hawaii) 26 F2d 609, cert den (1929) 279 US 862, 73 L Ed 1001, 49 S Ct 479.

**IV. PRACTICE AND PROCEDURE**

**18. Jurisdiction**

Action by real estate broker against United States and Alien Property Custodian to recover brokerage commission for sale of building in New York City was properly brought in Federal District Court of New York under Tucker Act but

| TRADING WITH THE ENEMY | 50 USCS Appx § 13 |
|---|---|

complaint against Alien Property Custodian was dismissed on ground of lack of jurisdiction. Gowlan v Markham (1946, DC NY) 69 F Supp 534.

Suit might be maintained in state court. Sutherland v Wickey (1930) 133 Or 266, 289 P 375.

### 19. Standing

Alien enemy cannot question disposition made by Custodian of property seized. Minich Reinsurance Co. v First Reinsurance Co. (1924, DC Conn) 300 F 345, affd (1925, CA2 Conn) 6 F2d 742, app dismd (1927) 273 US 666, 71 L Ed 830, 47 S Ct 458.

### 20. Parties

Alien Property Custodian had no authority to maintain action in his own name through private solicitor, without authorization of Department of Justice, especially where it was uniform practice of departments to prohibit suits by officer without appearance therein of attorney general or one of his assistants. Sutherland v International Ins. Co. (1930, CA2 NY) 43 F2d 969, cert den (1930) 282 US 890, 75 L Ed 785, 51 S Ct 103; Sutherland v International Ins. Co. (1930, CA2 NY) 43 F2d 972, cert den (1930) 282 US 890, 75 L Ed 785, 51 S Ct 103.

Bequest to alien enemy cannot be adjudged void unless Custodian is made party, and he cannot be brought in by constructive service. In re Shafer's Estate (1926) 50 SD 232, 209 NW 355.

Fact that action against Treasurer has abated does not authorize court to arbitrarily order Custodian to pay money with which he has properly parted; right to choose either judicial remedy or administrative remedy does not authorize combining parts of both; one who was formerly employee in office of Custodian, and against whom there is no personal complaint, was improperly made party. Kuttroff v Sutherland (1932, DC NY) 56 F2d 862.

Custodian is entitled to sue in his own name, and without joining alien former owners, to recover for conversion of property seized under trading with the Enemy Act by one who acted as his agent in making sale. Sutherland v Wickey (1930) 133 Or 266, 289 P 375.

### 21. Appearance by Attorney General

Appeal by Custodian from decree of dismissal of action brought by him through private counsel will not be dismissed on motion, but question of right of Custodian to maintain action without appearance of attorney general or one of his assistants, will be left until cause comes up in due course. Sutherland v American Equitable Assurance Co. (1930, CA2 NY) 43 F2d 973.

### 22. Stay of sale

Court may stay sale pending determination of suit by claimant under 50 USCS Appx § 9. Stohr v Wallace (1920, DC NY) 269 F 827, affd (1921) 255 US 239, 65 L Ed 604, 41 S Ct 293.

### 23. Statute of limitations

Seizure does not permit alien's representative to urge that state limitation law does not run against United States. Lipmanowich v Crookston Lumber Co. (1926) 168 Minn 332, 210 NW 47.

## § 13. Statements by masters of vessels and owners of cargoes before granting clearances

During the present war, in addition to the facts required by sections forty-one hundred and ninety-seven, forty-one hundred and ninety-eight, and forty-two hundred of the Revised Statutes, as amended by the Act of June fifteenth, nineteen hundred and seventeen to be set out in the master's and shipper's manifests before clearance will be issued to vessels bound to foreign ports, the master or person in charge of any vessel, before departure of such vessel from port, shall deliver to the collector of customs of the district wherein such vessel is located a statement duly verified by oath that the cargo is not shipped or to be delivered in violation of this Act, and the owners, shippers, or consignors of the cargo of such vessels shall in like manner deliver to the collector like statement under oath as to the cargo or the parts thereof laden or shipped by them, respectively, which statement shall contain also the names and addresses of the actual consignees of the cargo, or if the shipment is made to a bank or other broker, factor, or agent, the names and addresses of the persons who are the actual consignees on whose account the shipment is made. The master or person in control of the vessel shall, on reaching port of destination of any of the cargo, deliver a copy of the