1  James-Francis: Murphy,
2  In Care of Postal Department 234277
3  Encinitas, California [92023-4277]
4  Tel: 760-230-2868
5  In Propria Persona

**NUNC PRO TUNC**

AUG 2 5 2008

FILED
08 AUG 27 AM 9:30
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | CASE NO. - 08 CR 1196 W |
| Plaintiff, ) | |
| v. ) | **EXHIBIT 20** |
| JAMES FRANCIS MURPHY ) | |
| Defendant, ) | **Act of P.L. 414, June 27, 1952** |
| ) | |
| _____ ) | |
| James-Francis: Murphy ) | Magistrate Judge Nita L. Stormes |
| Third Party Intervener, ) | August 26, 2008 at 9:30am |
| Real Party in Interest, ) | |
| Authorized Representative ) | Judge Thomas J. Whelan |
| ) | September 8, 2008 at 2:00pm and |
| ) | September 30, 2008 at 9:00am |

Total pages of **EXHIBIT 20** attached- six (6)

James Francis Murphy, AR, appears and presents this exhibit for the court for submission into evidence now and/or at trial.

Respectfully submitted August 25, 2008,

_James-Francis: Murphy_
James-Francis: Murphy,
Authorized Representative

## CERTIFICATE OF SERVICE

COPY of the forgoing hand delivered,
This 25 day of August, 2008, to:
U. S. Assistant Attorney Fred Sheppard
880 Front Street Room 6293
San Diego, CA
619-557-5610

---

Service performed by:

*[signature]*

James-Francis: Murphy
In Care of Postal Department 234277
Encinitas, California a 92023-4277
Tel: 760-230-2868

08/08/21 [Exhibit 20] — Page 2 of 2

Public Law 414    CHAPTER 477

AN ACT

To revise the laws relating to immigration, naturalization, and nationality; and for other purposes.

June 27, 1952
[H. R. 5678]

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That this Act, divided into titles, chapters, and sections according to the following table of contents, may be cited as the "Immigration and Nationality Act".

Immigration and Nationality Act.

### TABLE OF CONTENTS

#### TITLE I—GENERAL

Sec. 101. Definitions.
Sec. 102. Applicability of title II to certain nonimmigrants.
Sec. 103. Powers and duties of the Attorney General and the Commissioner.
Sec. 104. Powers and duties of the Secretary of State; Bureau of Security and Consular Affairs.
Sec. 105. Liaison with internal security officers.

#### TITLE II—IMMIGRATION

##### CHAPTER 1—QUOTA SYSTEM

Sec. 201. Numerical limitations; annual quota based upon national origin; minimum quotas.
Sec. 202. Determination of quota to which an immigrant is chargeable.
Sec. 203. Allocation of immigrant visas within quotas.
Sec. 204. Procedure for granting immigrant status under section 101 (a) (27) (F) (i) or 203 (a) (1) (A).
Sec. 205. Procedure for granting nonquota status or preference by reason of relationship.
Sec. 206. Revocation of approval of petitions.
Sec. 207. Unused quota immigrant visas.

##### CHAPTER 2—QUALIFICATIONS FOR ADMISSION OF ALIENS; TRAVEL CONTROL OF CITIZENS AND ALIENS

Sec. 211. Documentary requirements.
Sec. 212. General classes of aliens ineligible to receive visas and excluded from admission.
Sec. 213. Admission of aliens on giving bond or cash deposit.
Sec. 214. Admission of nonimmigrants.
Sec. 215. Travel control of aliens and citizens in time of war or national emergency.

##### CHAPTER 3—ISSUANCE ON ENTRY DOCUMENTS

Sec. 221. Issuance of visas.
Sec. 222. Applications for visas.
Sec. 223. Reentry permits.
Sec. 224. Nonquota immigrant visas.

##### CHAPTER 4—PROVISIONS RELATING TO ENTRY AND EXCLUSION

Sec. 231. Lists of aliens and citizen passengers arriving or departing; record of resident aliens and citizens leaving permanently for foreign country.
Sec. 232. Detention of aliens for observation and examination.
Sec. 233. Temporary removal for examination upon arrival.
Sec. 234. Physical and mental examination.
Sec. 235. Inspection by immigrant officers.
Sec. 236. Exclusion of aliens.
Sec. 237. Immediate deportation of aliens excluded from admission or entering in violation of law.
Sec. 238. Entry through or from foreign contiguous territory and adjacent islands; landing stations.
Sec. 239. Designation of ports of entry for aliens arriving by civil aircraft.
Sec. 240. Records of admission.

##### CHAPTER 5—DEPORTATION; ADJUSTMENT OF STATUS

Sec. 241. General classes of deportable aliens.
Sec. 242. Apprehension and deportation of aliens.

TABLE OF CONTENTS—Continued

TITLE III—NATIONALITY AND NATURALIZATION—Continued

CHAPTER 3—LOSS OF NATIONALITY—Continued

Sec. 352. Loss of nationality by naturalized national.
Sec. 353. Section 352 not effective as to certain persons.
Sec. 354. Section 352 (a) (2) not effective as to certain persons.
Sec. 355. Loss of American nationality through parent's expatriation; not effective until person attains age of twenty-five years.
Sec. 356. Nationality lost solely from performance of acts or fulfillment of conditions.
Sec. 357. Application of treaties; exceptions.

CHAPTER 4—MISCELLANEOUS

Sec. 358. Certificate of diplomatic or consular officer as to loss of American nationality.
Sec. 359. Certificate of nationality for a person not a naturalized citizen for use in proceedings of a foreign state.
Sec. 360. Judicial proceedings for declaration of United States nationality in event of denial of rights and privileges as national.

TITLE IV—MISCELLANEOUS

Sec. 401. Joint Congressional Committee.
Sec. 402. Amendments to other laws.
Sec. 403. Laws repealed.
Sec. 404. Authorization of appropriations.
Sec. 405. Savings clauses.
Sec. 406. Separability.
Sec. 407. Effective date.

## TITLE I—GENERAL

### DEFINITIONS

SECTION 101. (a) As used in this Act—

(1) The term "administrator" means the administrator of the Bureau of Security and Consular Affairs of the Department of State.

(2) The term "advocates" includes, but is not limited to, advises, recommends, furthers by overt act, and admits belief in.

*"Alien."* (3) The term "alien" means any person not a citizen or national of the United States.

(4) The term "application for admission" has reference to the application for admission into the United States and not to the application for the issuance of an immigrant or nonimmigrant visa.

(5) The term "Attorney General" means the Attorney General of the United States.

(6) The term "border crossing identification card" means a document of identity bearing that designation issued to an alien who is lawfully admitted for permanent residence, or to an alien who is a resident in foreign contiguous territory, by a consular officer or an immigration officer for the purpose of crossing over the borders between the United States and foreign contiguous territory in accordance with such conditions for its issuance and use as may be prescribed by regulations.

(7) The term "clerk of court" means a clerk of a naturalization court.

(8) The terms "Commissioner" and "Deputy Commissioner" mean the Commissioner of Immigration and Naturalization and a Deputy Commissioner of Immigration and Naturalization, respectively.

(9) The term "consular officer" means any consular, diplomatic, or other officer of the United States designated under regulations prescribed under authority contained in this Act, for the purpose of issuing immigrant or nonimmigrant visas. In cases of aliens, in the

nation media, who seeks to enter the United States solely to engage in such vocation, and the spouse and children of such a representative, if accompanying or following to join him.

(16) The term "immigrant visa" means an immigrant visa required by this Act and properly issued by a consular officer at his office outside of the United States to an eligible immigrant under the provisions of this Act.

(17) The term "immigration laws" includes this Act and all laws, conventions, and treaties of the United States relating to the immigration, exclusion, deportation, or expulsion of aliens.

(18) The term "immigration officer" means any employee or class of employees of the Service or of the United States designated by the Attorney General, individually or by regulation, to perform the functions of an immigration officer specified by this Act or any section thereof.

(19) The term "ineligible to citizenship," when used in reference to any individual, means, notwithstanding the provisions of any treaty relating to military service, an individual who is, or was at any time, permanently debarred from becoming a citizen of the United States under section 3 (a) of the Selective Training and Service Act of 1940, as amended (54 Stat. 885; 55 Stat. 844), or under section 4 (a) of the Selective Service Act of 1948, as amended (62 Stat. 605; 65 Stat. 76), or under any section of this Act, or any other Act, or under any law amendatory of, supplementary to, or in substitution for, any of such sections or Acts.  *50 USC app. 303, 454.*

(20) The term "lawfully admitted for permanent residence" means the status of having been lawfully accorded the privilege of residing permanently in the United States as an immigrant in accordance with the immigration laws, such status not having changed.

(21) The term "national" means a person owing permanent allegiance to a state.  *"National."*

(22) The term "national of the United States" means (A) a citizen of the United States, or (B) a person who, though not a citizen of the United States, owes permanent allegiance to the United States.

(23) The term "naturalization" means the conferring of nationality of a state upon a person after birth, by any means whatsoever.

(24) The term "naturalization court", unless otherwise particularly described, means a court authorized by section 310 (a) of title III to exercise naturalization jurisdiction.

(25) The term "noncombatant service" shall not include service in which the individual is not subject to military discipline, court martial, or does not wear the uniform of any branch of the armed forces.

(26) The term "nonimmigrant visa" means a visa properly issued to an alien as an eligible nonimmigrant by a competent officer as provided in this Act.

(27) The term "nonquota immigrant" means—

(A) an immigrant who is the child or the spouse of a citizen of the United States;

(B) an immigrant, lawfully admitted for permanent residence, who is returning from a temporary visit abroad;

(C) an immigrant who was born in Canada, the Republic of Mexico, the Republic of Cuba, the Republic of Haiti, the Dominican Republic, the Canal Zone, or an independent country of Central or South America, and the spouse or the child of any such immigrant, if accompanying or following to join him;

(D) an immigrant who was a citizen of the United States and may, under section 324 (a) or 327 of title III, apply for reacquisition of citizenship;

(E) an immigrant included within the second proviso to section 349 (a) (1) of title III;

(F) (i) an immigrant who continuously for at least two years immediately preceding the time of his application for admission to the United States has been, and who seeks to enter the United States solely for the purpose of carrying on the vocation of minister of a religious denomination, and whose services are needed by such religious denomination having a bona fide organization in the United States; and (ii) the spouse or the child of any such immigrant, if accompanying or following to join him; or

(G) an immigrant who is an employee, or an honorably retired former employee, of the United States Government abroad, and who has performed faithful service for a total of fifteen years, or more, and his accompanying spouse and children: *Provided*, That the principal officer of a Foreign Service establishment, in his discretion, shall have recommended the granting of nonquota status to such alien in exceptional circumstances and the Secretary of State approves such recommendation and finds that it is in the national interest to grant such status.

(28) The term "organization" means, but is not limited to, an organization, corporation, company, partnership, association, trust, foundation or fund; and includes a group of persons, whether or not incorporated, permanently or temporarily associated together with joint action on any subject or subjects.

(29) The term "outlying possessions of the United States" means American Samoa and Swains Island.

(30) The term "passport" means any travel document issued by competent authority showing the bearer's origin, identity, and nationality if any, which is valid for the entry of the bearer into a foreign country.

(31) The term "permanent" means a relationship of continuing or lasting nature, as distinguished from temporary, but a relationship may be permanent even though it is one that may be dissolved eventually at the instance either of the United States or of the individual, in accordance with law.

(32) The term "quota immigrant" means any immigrant who is not a nonquota immigrant. An alien who is not particularly specified in this Act as a nonquota immigrant or a nonimmigrant shall not be admitted or considered in any manner to be either a nonquota immigrant or a nonimmigrant notwithstanding his relationship to any individual who is so specified or by reason of being excepted from the operation of any other law regulating or forbidding immigration.

(33) The term "residence" means the place of general abode; the place of general abode of a person means his principal, actual dwelling place in fact, without regard to intent. Residence shall be considered continuous for the purposes of sections 350 and 352 of title III where there is a continuity of stay but not necessarily an uninterrupted physical presence in a foreign state or states or outside the United States.

(34) The term "Service" means the Immigration and Naturalization Service of the Department of Justice.

(35) The term "spouse", "wife", or "husband" do not include a spouse, wife, or husband by reason of any marriage ceremony where the contracting parties thereto are not physically present in the presence of each other, unless the marriage shall have been consummated.

(36) The term "State" includes (except as used in section 310 (a) of title III) Alaska, Hawaii, the District of Columbia, Puerto Rico, Guam, and the Virgin Islands of the United States.

(37) The term "totalitarian party" means an organization which advocates the establishment in the United States of a totalitarian

dictatorship or totalitarianism. The terms "totalitarian dictatorship" and "totalitarianism" mean and refer to systems of government not representative in fact, characterized by (A) the existence of a single political party, organized on a dictatorial basis, with so close an identity between such party and its policies and the governmental policies of the country in which it exists, that the party and the government constitute an indistinguishable unit, and (B) the forcible suppression of opposition to such party.

(38) The term "United States", except as otherwise specifically herein provided, when used in a geographical sense, means the continental United States, Alaska, Hawaii, Puerto Rico, Guam, and the Virgin Islands of the United States.

(39) The term "unmarried", when used in reference to any individual as of any time, means an individual who at such time is not married, whether or not previously married.

(40) The term "world communism" means a revolutionary movement, the purpose of which is to establish eventually a Communist totalitarian dictatorship in any or all the countries of the world through the medium of an internationally coordinated Communist political movement.

(b) As used in titles I and II—

(1) The term "child" means an unmarried person under twenty-one years of age who is—

   (A) a legitimate child; or

   (B) a stepchild, provided the child had not reached the age of eighteen years at the time the marriage creating the status of stepchild occurred; or

   (C) a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in or outside the United States, if such legitimation takes place before the child reaches the age of eighteen years and the child is in the legal custody of the legitimating parent or parents at the time of such legitimation.

(2) The terms "parent", "father", or "mother" mean a parent, father, or mother only where the relationship exists by reason of any of the circumstances set forth in (1) above.

(3) The term "person" means an individual or an organization.

(4) The term "special inquiry officer" means any immigration officer who the Attorney General deems specially qualified to conduct specified classes of proceedings, in whole or in part, required by this Act to be conducted by or before a special inquiry officer and who is designated and selected by the Attorney General, individually or by regulation, to conduct such proceedings. Such special inquiry officer shall be subject to such supervision and shall perform such duties, not inconsistent with this Act, as the Attorney General shall prescribe.

(5) The term "adjacent islands" includes Saint Pierre, Miquelon, Cuba, the Dominican Republic, Haiti, Bermuda, the Bahamas, Barbados, Jamaica, the Windward and Leeward Islands, Trinidad, Martinique, and other British, French, and Netherlands territory or possessions in or bordering on the Caribbean Sea.

(c) As used in title III—

(1) The term "child" means an unmarried person under twenty-one years of age and includes a child legitimated under the law of the child's residence or domicile, or under the law of the father's residence or domicile, whether in the United States or elsewhere, and, except as otherwise provided in sections 320, 321, 322, and 323 of title III, a child adopted in the United States, if such legitimation or adoption takes place before the child reaches the age of sixteen years, and the

APPLICATIONS FOR VISAS

SEC. 222. (a) Every alien applying for an immigrant visa and for alien registration shall make application therefor in such form and manner and at such place as shall be by regulations prescribed. In the application the immigrant shall state his full and true name, and any other name which he has used or by which he has been known; age and sex; race and ethnic classification; the date and place of his birth; present address and places of previous residence; whether married or single, and the names and places of residence of spouse and children, if any; calling or occupation; personal description (including height, complexion, color of hair and eyes, and marks of identification); languages he can speak, read, or write; names and addresses of parents, and if neither parent living, then the name and address of his next of kin in the country from which he comes; port of entry into the United States; final destination, if any, beyond the port of entry; whether he has a ticket through to such final destination; whether going to join a relative or friend, and, if so, the name and complete address of such relative or friend; the purpose for which he is going to the United States; the length of time he intends to remain in the United States; whether or not he intends to remain in the United States permanently; whether he was ever arrested, convicted or was ever in prison or almshouse; whether he has ever been the beneficiary of a pardon or an amnesty; whether he has ever been treated in an institution or hospital or other place for insanity or other mental disease; if he claims to be a preference quota or a nonquota immigrant, the facts on which he bases such claim; whether or not he is a member of any class of individuals excluded from admission into the United States, or whether he claims to be exempt from exclusion under the immigration laws; and such additional information necessary to the identification of the applicant and the enforcement of the immigration and nationality laws as may be by regulations prescribed.

(b) Every alien applying for an immigrant visa shall present a valid unexpired passport or other suitable travel document, or document of identity and nationality, if such document is required under the regulations issued by the Secretary of State. The immigrant shall furnish to the consular officer with his application two copies of a certification by the appropriate police authorities stating what their records show concerning the immigrant; two certified copies of any existing prison record, military record, and record of his birth; and two certified copies of all other records or documents concerning him or his case which may be required by the consular officer. One copy of each document so furnished shall be permanently attached to each copy of the application and become a part thereof. In the event that the immigrant establishes to the satisfaction of the consular officer that any document or record required by this subsection is unobtainable, the consular officer may permit the immigrant to submit in lieu of such document or record other satisfactory evidence of the fact to which such document or record would, if obtainable, pertain.

(c) Every alien applying for a nonimmigrant visa and for alien registration shall make application therefor in such form and manner as shall be by regulations prescribed. In the application the alien shall state his full and true name, the date and place of birth, his nationality, his race and ethnic classification; the purpose and length of his intended stay in the United States; personal description (including height, complexion, color of hair and eyes, and marks of identification); his marital status; and such additional information necessary to the identification of the applicant and the enforcement of the immigration and nationality laws as may be by regulations prescribed.