```
 1 | James-Francis: Murphy,
 2 | In Care of Postal Department 234277
 3 | Encinitas, California  92023-4277
 4 | Tel: 760-230-2868
 5 | In Propria Persona
```

**NUNC PRO TUNC**
AUG 2 5 2008

**FILED**
'08 AUG 27 AM 9:30
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNITED STATES OF AMERICA**<br>Plaintiff,<br>v.<br>JAMES FRANCIS MURPHY<br>Defendant,<br><br>James-Francis: Murphy<br>   Third Party Intervener,<br>   Real Party in Interest,<br>   Authorized Representative | CASE NO. - 08 CR 1196 W<br><br>**EXHIBIT 26**<br><br>**Statutory Instrument 1997 No. 1778**<br>**The Social Security(United States of America) Order 1997**<br>Magistrate Judge Nita L. Stormes<br>August 26, 2008 at 9:30am<br><br>Judge Thomas J. Whelan<br>September 8, 2008 at 2:00pm and<br>September 30, 2008 at 9:00am |

Total pages of **EXHIBIT 26** attached- seventeen (17)

James Francis Murphy, AR, appears and presents this exhibit for the court for submission into evidence now and/or at trial.

Respectfully submitted August 25, 2008,

_/s/ James-Francis: Murphy_

James-Francis: Murphy,
Authorized Representative

**CERTIFICATE OF SERVICE**

COPY of the forgoing hand delivered,
This 25 day of August, 2008, to:
U. S. Assistant Attorney Fred Sheppard
880 Front Street Room 6293
San Diego, CA
619-557-5610

_____

Service performed by:

*[signature]*

James-Francis: Murphy
In Care of Postal Department 234277
Encinitas, California a 92023-4277
Tel: 760-230-2868

# Statutory Instrument 1997 No. 1778

**The Social Security (United States of America) Order 1997**

© Crown Copyright 1997

Statutory Instruments printed from this website are printed under the superintendence and authority of the Controller of HMSO being the Queen's Printer of Acts of Parliament.

The legislation contained on this web site is subject to Crown Copyright protection. It may be reproduced free of charge provided that it is reproduced accurately and that the source and copyright status of the material is made evident to users.

It should be noted that the right to reproduce the text of Statutory Instruments does not extend to the Queen's Printer imprints which should be removed from any copies of the Statutory Instrument which are issued or made available to the public. This includes reproduction of the Statutory Instrument on the Internet and on intranet sites. The Royal Arms may be reproduced only where they are an integral part of the original document.

The text of this Internet version of the Statutory Instrument which is published by the Queen's Printer of Acts of Parliament has been prepared to reflect the text as it was Made. A print version is also available and is published by The Stationery Office Limited as the **The Social Security (United States of America) Order 1997**, ISBN 0 11 064698 3. The print version may be purchased by clicking here. Braille copies of this Statutory Instrument can also be purchased at the same price as the print edition by contacting TSO Customer Services on 0870 600 5522 or e-mail:customer.services@tso.co.uk.

Further information about the publication of legislation on this website can be found by referring to the Frequently Asked Questions.

To ensure fast access over slow connections, large documents have been segmented into "chunks". Where you see a "continue" button at the bottom of the page of text, this indicates that there is another chunk of text available.

STATUTORY INSTRUMENTS

**1997 No. 1778**

**SOCIAL SECURITY**

The Social Security (United States of America) Order 1997

*Made*                                                                                   *22nd July 1997*

*Coming into force*                                                        *1st September 1997*

At the Court at Buckingham Palace, the 22nd day of July 1997

Present,

The Queen's Most Excellent Majesty in Council

Whereas at London on the 13th February 1984 an Agreement on social security between the Government of the **United Kingdom of Great Britain and Northern Ireland and the Government of the United States of America** (hereinafter referred to as "the Agreement") and an Administrative Agreement for the implementation of the Agreement (hereinafter referred to as "the Administrative Agreement")[1] were signed on behalf of those Governments and effect was given to the Agreement by the Social Security (United States of America) Order 1984 (hereinafter referred to as "the Principal Order")[2]:

And Whereas at London on 6th June 1996 a Supplementary Agreement between the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the United States of America (which Supplementary Agreement is set out in Schedule 1 to this Order and is hereinafter referred to as "the Supplementary Agreement") amending the Agreement and a Supplementary Administrative Agreement amending the Administrative Agreement (which Supplementary Administrative Agreement is set out in Schedule 2 to this Order and is hereinafter referred to as "the Supplementary Administrative Agreement")[3] were signed on behalf of those Governments:

And Whereas by Article 3 of the Supplementary Agreement it is provided that the Supplementary Agreement shall enter into force on the first day of the third month following the month in which each Government has received from the other Government written notification that all statutory and constitutional requirements have been complied with for entry into force of the Supplementary Agreement:

And Whereas by Article 2 of the Supplementary Administrative Agreement it is provided that the Supplementary Administrative Agreement shall enter into force on the date of entry into force of the Supplementary Agreement:

And Whereas written notification in accordance with Article 3 of the Supplementary Agreement was received by each Government on 20th June 1997 and accordingly the Supplementary Agreement and the Supplementary Administrative Agreement enter into force on the 1st September 1997:

And Whereas by section 179(1)(a) and (2) of the Social Security Administration Act 1992[4] it is provided that Her Majesty may by Order in Council make provision for modifying or adapting that Act and the Social Security Contributions and Benefits Act 1992[5] in their application to cases affected by agreements with other Governments providing for reciprocity in matters specified in the said section:

Now, therefore, Her Majesty, in pursuance of section 179(1)(a) and (2) of the Social Security Administration Act 1992 and of all other powers enabling Her in that behalf, is pleased, by and with the advice of Her Privy Council, to order, and it is hereby ordered, as follows: -

**Citation and commencement**
1. This Order may be cited as the Social Security (United States of America) Order 1997 and shall come into force on 1st September 1997.

**Modification of the Social Security Administration Act 1992 and the Social Security Contributions and Benefits Act 1992 and amendment of the Principal Order**
2. The Social Security Administration Act 1992 and the Social Security Contributions and Benefits Act 1992 shall be modified and the Principal Order shall be amended so as to give effect to the Agreement as modified by the Supplementary Agreement set out in Schedule 1 to this Order and to the Administrative Agreement as modified by the Supplementary Administrative Agreement set out in Schedule 2 to this Order, so far as the same relate to England, Wales and Scotland.

**Amendment of Order**
3. The reference to the Social Security (United States of America) Order 1984 shall be omitted in the Schedule to the Social Security (Reciprocal Agreements) Order 1988[6] and in Schedules 2 and 3 to the Social Security (Reciprocal Agreements) Order 1995[7].


N.H. Nicholls
Clerk of the Privy Council


SCHEDULE 1

Article 2

SUPPLEMENTARY AGREEMENT AMENDING THE AGREEMENT ON SOCIAL SECURITY BETWEEN THE GOVERNMENT OF THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND AND THE GOVERNMENT OF THE UNITED STATES OF AMERICA

The Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the United States of America;

Having considered the Agreement on Social Security which was signed on their behalf at London on 13th February 1984 (hereinafter referred to as "the Agreement");

Having recognised the need to revise certain provisions of the Agreement;

Have agreed as follows:

**Article 1**
   **1.** Article 1 of the Agreement shall be revised as follows:

     (a) Paragraph 1 shall be revised to read as follows:

       " **1. "Territory" means,**

     **as regards the United States, the States, the District of Columbia, the Commonwealth of Puerto Rico, the United States Virgin Islands, Guam, American Samoa and the Commonwealth of the Northern Mariana Islands,** and

     as regards the United Kingdom, England, Scotland, Wales, Northern Ireland, and also the Isle of Man, the Island of Jersey, and the Islands of Guernsey, Alderney, Herm and Jethou; and references to the "United Kingdom" or to "territory" in relation to the United Kingdom shall include the Isle of Man, the Island of Jersey, and the Islands of Guernsey, Alderney, Herm and Jethou where appropriate;".

     (b) Paragraph 3 shall be revised to read as follows:

       " **3.** "Competent Authority" means,

     as regards the United States, the Commissioner of Social Security, and

     as regards the United Kingdom, the Department of Social Security for Great Britain, the Department of Health and Social Services for Northern Ireland, the Department of Health and Social Security of the Isle of Man, the Employment and Social Security Committee of the States of the Island of Jersey or the Guernsey Social Security Authority as the case may require;".

     (c) Paragraph 7 shall be revised to read as follows:

" 7. As regards the United Kingdom:

   (a) "insurance period" means,

      a contribution period or an equivalent period;

   (b) "contribution period" means,

      a period in respect of which contributions appropriate to the benefit in question are payable, have been paid or treated as paid;

   (c) "equivalent period" means,

      a period for which contributions appropriate to the benefit in question have been credited;

   (d) "survivor's benefit" means,

      widow's allowance, widow's payment, widowed mother's allowance and widow's pension;

   (e) "child's survivor benefit" means,

      guardian's allowance and child's special allowance;

   (f) "laws on coverage" means,

      the laws and regulations relating to the imposition of liability for the payment of social security contributions;

   (g) "qualifying period" for invalidity benefit means,

      (i) a period of incapacity of 364 days under the laws of Great Britain, Northern Ireland or the Isle of Man, or

      (ii) a period of incapacity of 364 days under the laws of Jersey, or

      (iii) a period of incapacity of 156 days, excluding Sundays, under the laws of Guernsey;

   (h) "first contribution condition" means,

      (i) under the laws of Great Britain, Northern Ireland or the Isle of Man, that a person has paid at least 52 Class I or Class II contributions at any time before 6 April 1975, or has paid, in one contribution year, Class I or Class II contributions producing an earnings factor of at least 50 times that year's lower earnings limit in a tax year beginning on or after 6 April 1975, or

5.

(ii) under the laws of Jersey, that a person has paid contributions prior to the end of the relevant quarter and the annual contribution factor derived from these contributions is not less than 0.25, or

(iii) under the laws of Guernsey, that a person has paid at least 26 reckonable contributions since 4 January 1965 or the date of his entry into the Guernsey scheme;

(i) "second contribution condition" means,

(i) under the laws of Great Britain, Northern Ireland or the Isle of Man, that a person has either paid or been credited with Class I or Class II contributions producing an earnings factor of at least 50 times the lower earnings limit in each of the last 2 complete contribution years before the relevant benefit year, or

(ii) under the laws of Jersey, that a person has paid or been credited with contributions in respect of the relevant quarter and the quarterly contribution factor derived from those contributions is 1.00, or

(iii) under the laws of Guernsey, that a person has paid or been credited with at least 26 reckonable contributions in the relevant contribution year;

(j) a "qualifying year" means,

(i) at least 50 weeks of insurance for periods before 6 April 1975, or that the person has received, or been treated as having received, earnings of at least 52 times the lower earnings limit in a tax year after 5 April 1978 under the laws of Great Britain, Northern Ireland and the Isle of Man, or

(ii) an annual contribution factor of 1.00 under the laws of Jersey, or

(iii) 50 weeks under the laws of Guernsey;

(k) a "reckonable year" means a tax year between 6 April 1975 and 5 April 1978 during which contributions have been paid on earnings received (or treated as received) of at least 50 times the lower earnings limit for that year;

(l) "prescribed period" means, in relation to Jersey and Guernsey, the period commencing on the same date under the laws of Jersey or Guernsey, as the case may be, as the relevant period for the purposes of old age pension and ending on 31 December next preceding the date on which entitlement to invalidity benefit first arose;

(m) "sickness benefit" means,

(i) short-term incapacity benefit at the lower, higher or long-term rate payable under the legislation of Great Britain, Northern Ireland or the Isle of Man, or

(ii) sickness benefit payable under the legislation of Jersey or Guernsey;

(n) "invalidity benefit" means,

(i) long-term incapacity benefit, additional pension, invalidity allowance and incapacity age addition payable under the legislation of Great Britain, Northern Ireland or the Isle of Man, or

(ii) invalidity benefit payable under the legislation of Jersey or Guernsey.".

**2.** In paragraph 1(a)(ii) of Article 2 of the Agreement, "1954" shall be replaced by "1986".

**3.** Paragraph 1(b) of Article 2 of the Agreement shall be revised to read as follows:

" (b) As regards the United Kingdom,

(i) the Social Security Administration Act 1992, the Social Security Contributions and Benefits Act 1992, the Social Security (Consequential Provisions) Act 1992 and the Social Security (Incapacity for Work) Act 1994;

(ii) the Social Security Administration (Northern Ireland) Act 1992, the Social Security Contributions and Benefits (Northern Ireland) Act 1992, the Social Security (Consequential Provisions) (Northern Ireland) Act 1992 and the Social Security (Incapacity for Work) (Northern Ireland) Order 1994;

(iii) the Social Security Administration Act 1992, the Social Security Contributions and Benefits Act 1992, the Social Security (Consequential Provisions) Act 1992 and the Social Security (Incapacity for Work) Act 1994 (Acts of Parliament) as those Acts apply to the Isle of Man by virtue of Orders made, or having effect as if made, under the Social Security Act 1982 (an Act of Tynwald);

(iv) the Social Security (Jersey) Law, 1974;

(v) the Social Insurance (Guernsey) Law, 1978;

and the laws which were repealed or consolidated by those Acts, Laws or Orders or repealed by legislation consolidated by them.".

**4.** In paragraph 2 of Article 4 of the Agreement, the word "normally" shall be added immediately before the words "employed by".

**5.** Article 4 paragraph 3 of the Agreement shall be revised to read as follows:

" **3.** A person who is covered under the laws on coverage of either Party with respect to self-employment shall be subject only to the laws on coverage of the Party in whose territory he ordinarily resides.".

**6.** Article 7 paragraph 2 of the Agreement shall be revised to read as follows:

" **2.** Subject to the provisions of paragraph 3 of this Article and the provisions of Article 14, a person who would be entitled to receive an old age pension, a retirement pension, a survivor's benefit or invalidity benefit under the laws of the United Kingdom if he were in the United Kingdom shall be entitled to receive that pension or benefit while he ordinarily resides in the territory of the United States, as if he were in the United Kingdom.".

**7.** Article 11 paragraph 3 of the Agreement shall be revised to read as follows:

" **3.** Where the periods of coverage completed by a person under the laws of:

> (i) either Great Britain, Northern Ireland or the Isle of Man amount to less than one reckonable year, or, as the case may be, qualifying year, or relate only to periods before 6 April 1975 and in aggregate amount to less than 50 weeks, or
>
> (ii) Jersey amount to less than an annual contribution factor of 1.00, or
>
> (iii) Guernsey amount to less than 50 weeks,

those periods shall be aggregated as if they had all been completed under the laws of any part of the territory of the United Kingdom under which a pension is payable or would be payable if the periods were aggregated, or, where two such pensions are or would be payable, under the laws of that part which, at the date on which entitlement first arose or arises, is paying or would pay the greater amount. Where the aggregate of the periods of coverage is less than one qualifying year or reckonable year, this Article and Article 9 shall not apply.".

**8.** Article 14 of the Agreement shall be revised to read as follows:

" **1.** The provisions of paragraphs 2 to 5 of this Article shall apply to claims for invalidity benefit under the laws of Great Britain, Northern Ireland or the Isle of Man.

**2.** A person who has satisfied the first contribution condition for sickness benefit as defined in Article 1 using contributions under the laws of Great Britain, Northern Ireland or the Isle of Man only, who is in the territory of the United States and is not subject to the

laws on coverage of Great Britain, Northern Ireland or the Isle of Man under Articles 4, 5 or 6 of this Agreement, shall be entitled to receive invalidity benefit under the laws of Great Britain, Northern Ireland or the Isle of Man provided that:

> (a) the second contribution condition for sickness benefit under the laws of the United Kingdom is satisfied using relevant periods of coverage under the laws of the United Kingdom and, if necessary, the United States, and

> (b) the person is incapacitated for work and has been so incapacitated throughout the qualifying period for invalidity benefit, in which case the person shall be treated as if sickness benefit followed by invalidity benefit, under the laws of Great Britain, Northern Ireland or the Isle of Man, had been paid throughout that period of incapacity.

For the purposes of sub-paragraph (a), a person will be considered to meet the second contribution condition if he is credited with at least 2 quarters of coverage under the laws of the United States in each of the last 2 complete contribution years before the relevant benefit year. The relevant Competent Authority of Great Britain, Northern Ireland or the Isle of Man will reallocate any quarter of coverage credited to a person under the laws of the United States within a calendar year to any other calendar quarter within that year if it is needed to satisfy the second contribution condition in a relevant contribution year, as long as it has not been used to satisfy the second contribution condition in any other relevant contribution year.

The rate of the invalidity benefit payable shall be that which would be paid under the laws of Great Britain, Northern Ireland or the Isle of Man without the application of this Agreement unless a disability benefit under the laws of the United States is in payment, whether or not under the provisions of this Agreement, in which case the rate of invalidity benefit payable shall be determined in accordance with the provisions of paragraph 3 of this Article.

> **3.** Taking account of sub-paragraphs (a) and (b) of this paragraph, the relevant Agency of Great Britain, Northern Ireland or the Isle of Man shall ascertain the proportion of invalidity benefit provided under its laws in the same ratio as the total of the periods of coverage completed under its laws bears to the total periods of coverage completed under the laws of both Parties.

>> (a) The provisions of paragraphs 1, 2 and 5 of Article 9 and the provisions of paragraphs 4, 6 and 7 of Article 11 of this Agreement shall apply to periods of coverage credited under the laws of the United States as if the references in those Articles to an old age pension, a retirement pension or a pension were references to invalidity benefit.

>> (b) For the purpose of calculating the proportion of benefit referred to above, no account shall be taken of any period of coverage completed after the day on which a person's incapacity commenced.

The amount of benefit calculated in accordance with the above provisions of this paragraph shall be the amount of invalidity benefit actually payable to that person.

4. Where a person in the territory of Great Britain, Northern Ireland or the Isle of Man, or a person outside the territory of Great Britain, Northern Ireland or the Isle of Man who is entitled to an invalidity benefit under the relevant legislation other than under paragraph 2 of this Article, is in receipt of invalidity benefit under the laws of Great Britain, Northern Ireland or the Isle of Man and also is in receipt of a disability benefit under the laws of the United States, whether or not under the provisions of this Agreement, the rate of invalidity benefit under the laws of Great Britain, Northern Ireland or the Isle of Man shall be determined in accordance with the provisions of paragraphs 3 and 5 of this Article.

5. Where a person to whom the provisions of paragraph 4 apply:

(a) would have been entitled to receive invalidity benefit under the laws of Great Britain, Northern Ireland or the Isle of Man, without recourse to this Agreement; and

(b) is entitled to receive both invalidity benefit under paragraph 3 and a disability benefit under the laws of the United States, whether or not under the provisions of this Agreement, and the sum of these two benefits is less than the amount of invalidity benefit to which the person would otherwise have been entitled under (a);

the competent authority of Great Britain, Northern Ireland or the Isle of Man shall calculate the difference between the amounts of benefit calculated in accordance with sub-paragraphs (a) and (b), on the date that entitlement to invalidity benefit payable under paragraph 3 first arose, and shall pay that amount in addition to the invalidity benefit payable. The additional sum will remain in payment under the same conditions as the invalidity benefit and subject to the equivalent increases in amount, as appropriate.

6. Notwithstanding any other provision of this Agreement, invalidity benefit shall be payable under the laws of Jersey only in accordance with the provisions of paragraphs 7 to 9 of this Article.

7. For the purpose of qualifying for invalidity benefit, a person who is in the territory of the United States and

(a) has satisfied the first contribution condition for invalidity benefit using contributions under the laws of Jersey only; and

(b) has satisfied the second contribution condition for invalidity benefit using relevant periods of coverage under the laws of either Party; and

(c) is incapable of work, and has been so incapable throughout the qualifying

period for invalidity benefit;

shall be treated as if he had been entitled to sickness benefit throughout that period.

For the purposes of sub-paragraph (b), a person will be considered to meet the second contribution condition if he is credited with at least 2 quarters of coverage under the laws of the United States in each of the last 2 complete calendar years before the calendar year in which the claim for benefit was made.

**8.** Where a person has satisfied the conditions set out in paragraph 7, the Competent Authority of Jersey shall determine the actual rate of invalidity benefit payable as the amount that bears the same relation to the standard rate of benefit as the life average contribution factor during the prescribed period bears to 1.00, except that no benefit shall be payable where the factor is less than 0.1.

**9.** Where a person who is in Jersey is entitled to invalidity benefit under the laws of Jersey, that benefit shall be payable.

**10.** Notwithstanding any other provision of this Agreement, invalidity benefit shall be payable under the laws of Guernsey only in accordance with the provisions of paragraphs 11 to 13 of this Article.

**11.** For the purpose of qualifying for invalidity benefit, a person who is in the territory of the United States or Guernsey and

> (a) has satisfied the first contribution condition for sickness benefit using contributions under the laws of Guernsey only; and
>
> (b) has satisfied the second contribution condition for sickness benefit using relevant periods of coverage under the laws of either Party; and
>
> (c) is incapable of work, and has been so incapable throughout the qualifying period for invalidity benefit;

shall be treated as if he had been entitled to sickness benefit throughout that period.

For the purposes of sub-paragraph (b), each quarter of coverage credited under the laws of the United States in the relevant contribution year shall be treated as if it had been a contribution period of thirteen weeks completed as an employed or self-employed person in the relevant contribution year.

**12.** Where a person has satisfied the conditions set out in paragraph 11, the Competent Authority of Guernsey shall:

> (a) deem the contribution conditions for the payment of invalidity benefit satisfied provided that the periods of coverage under the laws of Guernsey total one

qualifying year; and

(b) calculate the amount of invalidity benefit to be paid, subject to paragraph 13, as being the proportion, not exceeding 100%, of the standard rate which the total number of contributions paid or credited in Guernsey during the prescribed period bears to the product of the number of years in that period and fifty: save that if the amount so calculated is less than one-twentieth of the standard rate, no benefit shall be payable.

13. Where a person is in Guernsey and

(a) is entitled to invalidity benefit under the laws of Guernsey solely through the application of paragraphs 11 and 12, or has been entitled to such a benefit in relation to the claim in question solely through the application of those paragraphs; and

(b) is in receipt of a disability benefit under the laws of the United States, whether or not by virtue of this Agreement;

the amount of the invalidity benefit payable under the laws of Guernsey shall be reduced by the amount by which the aggregate of both benefits exceeds the standard rate of invalidity benefit under the laws of Guernsey.

14. No person in relation to whom invalidity benefit is payable under the provisions of this Agreement shall receive a contribution credit from Jersey or Guernsey unless present in Jersey or Guernsey, as the case may be.

15. Where a person's periods of coverage under the laws of a part of the United Kingdom total less than one qualifying year, or one reckonable year, these periods shall be aggregated as if they had all been completed under the laws of any part of the territory of the United Kingdom under which a sickness benefit or an invalidity benefit is payable or would be payable if the periods were aggregated, or, where two such benefits are or would be payable, under the laws of that part which, at the date on which entitlement first arose or arises, is paying or would pay the greater amount. Where the aggregate of the periods of coverage is less than one qualifying year, or one reckonable year, this Article shall not apply.

16. Notwithstanding any other provision of this Article, a person in the territory of the United States who is subject to the laws on coverage of the United Kingdom by virtue of any of the Articles 4 to 6 of this Agreement and who satisfies the contribution conditions applicable to sickness benefit under those laws shall, for the purpose of determining his entitlement to invalidity benefit under those laws:

(a) be treated as if he were in the territory of the United Kingdom; and

(b) each day of incapacity for work while in the territory of the United States may,

where appropriate, be treated as if it were a day for which he had received sickness benefit under the laws of the United Kingdom.

**17.** Any restriction which would otherwise be applicable under the laws of the United Kingdom in the rate of benefit payable to persons who are not ordinarily resident in the territory of the United Kingdom shall not apply to persons in the territory of the United States who are in receipt of invalidity benefit under the laws of the United Kingdom by virtue of the provisions of this Agreement.".

**9.** Article 21 paragraph 2 of the Agreement shall be revised to read as follows:

" **2.** If a disagreement cannot be resolved through negotiation, the Competent Authorities will endeavour to settle the issue through arbitration, mediation, or other mutually agreed procedure.".

**Article 2**
The application of this Supplementary Agreement shall not result in any reduction in the amount of a benefit to which entitlement was established prior to its entry into force.

**Article 3**
This Supplementary Agreement shall enter into force on the first day of the third month following the month in which both Governments shall have informed each other by a formal exchange of notes that the steps necessary under their national statutes to enable the Supplementary Agreement to take effect have been taken.


IN WITNESS WHEREOF, the undersigned, being duly authorised thereto by their respective Governments, have signed this Supplementary Agreement.


DONE in duplicate at London on 6th June 1996.

FOR THE GOVERNMENT OF THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND:

*William Marsden,*
(Americas Director, FCO)


FOR THE GOVERNMENT OF THE UNITED STATES OF AMERICA:


*Timothy E. Deal,*
(Minister, Embassy of the United States of America)

SCHEDULE 2

Article 2

SUPPLEMENTARY ADMINISTRATIVE AGREEMENT AMENDING THE ADMINISTRATIVE AGREEMENT FOR THE IMPLEMENTATION OF THE AGREEMENT ON SOCIAL SECURITY BETWEEN THE GOVERNMENT OF THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND AND THE GOVERNMENT OF THE UNITED STATES OF AMERICA

The Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the United States of America;

In accordance with Article 15(a) of the Agreement on Social Security between the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the United States of America signed on their behalf at London on 13th February 1984 (hereinafter referred to as "the Agreement") as amended by the Supplementary Agreement of this date;

Have agreed to amend the Administrative Agreement for the implementation of the Agreement as follows: -

**Article 1**

   1. Article 2 paragraph 1 of the Administrative Agreement shall be revised to read as follows:

     " 1. The liaison agencies referred to in Article 15 of the Agreement shall be:

       (a) for the United States,

          the Social Security Administration,

       (b) for the United Kingdom,

          (i) in Great Britain,

             For all contingencies except Articles 4 to 6 of the Agreement and the provision of United Kingdom insurance records for Disability Benefit,

             Department of Social Security Pensions and Overseas Benefits Directorate, Tyneview Park, Whitley Road, Benton Newcastle upon Tyne, England NE98 1BA;

             For Articles 4 to 6 of the Agreement and to provide United Kingdom insurance records for Disability Benefit,

14.

Contributions Agency International Services, Longbenton, Newcastle upon Tyne, England NE98 1YX

(ii) in Northern Ireland, Social Security Agency Overseas Branch, Commonwealth House, Castle Street, Belfast, Northern Ireland BT1 1DX

(iii) in the Isle of Man, Department of Health and Social Security, Markwell House, Market Street, Douglas, Isle of Man IM1 2RZ

(iv) in Jersey, Employment and Social Security Department, Philip Le Feuvre House, La Motte Street, St Helier, Jersey, Channel Islands JE4 8PE

(v) in Guernsey, Guernsey Social Security Authority, Edward T Wheadon House, Le Truchot, St Peter Port, Guernsey, Channel Islands GY1 3WH.".

**2.** Article 9 paragraph 1 of the Administrative Agreement shall be revised by adding the following sentence at the end thereof:

" However, the Agencies of the two Parties may agree on a different allocation of expenses for medical examinations arranged under this paragraph.".

**Article 2**
This Supplementary Administrative Agreement shall enter into force on the date of entry into force of the Supplementary Agreement of this date amending the Agreement.


DONE at London on 6th June 1996 in duplicate.


FOR THE GOVERNMENT OF THE UNITED KINGDOM OF GREAT BRITAIN AND NORTHERN IRELAND:

*William Marsden,*
(Americas Director, FCO)


FOR THE GOVERNMENT OF THE UNITED STATES OF AMERICA:


*Timothy E. Deal,*
(Minister, Embassy of the United States of America)

---

**EXPLANATORY NOTE**


*(This note is not part of the Order)*

This Order makes provision for the modification of the Social Security Administration Act 1992 and the Social Security Contributions and Benefits Act 1992 so as to give effect to the Supplementary Agreement on social security (which is set out in Schedule 1 to this Order) made between the Government of the United Kingdom of Great Britain and Northern Ireland and the Government of the United States of America. The Supplementary Agreement amends the Agreement on social security set out in Schedule 1 to the Social Security (United States of America) Order 1984 to take into account changes in United Kingdom legislation, in particular as relates to incapacity benefit.

There are also set out in Schedule 2 to this Order the provisions of a Supplementary Administrative Agreement amending the Administrative Agreement set out in Schedule 2 to the Social Security (United States of America) Order 1984.

This Order does not impose any costs on business.

---

*Notes:*

[1] Cmnd. 9443.back

[2] S.I. 1984/1817.back

[3] Cm 3374, publishes both the Supplementary Agreement and the Supplementary Administrative Agreement.back

[4] 1992 c.5.back

[5] 1992 c.4.back

[6] S.I. 1988/591.back

[7] S.I. 1995/767.back

---

ISBN 0 11 064698 3

Other UK SIs | Home | National Assembly for Wales Statutory Instruments | Scottish Statutory Instruments | Statutory Rules of Northern Ireland | Her Majesty's Stationery Office

*We welcome your comments on this site*     © Crown copyright 1997     *Prepared 6 August 1997*

http://home.hiwaay.net/~becraft/WeAintBrits.htm

http://www.theantechamber.net/V_K_Durham/ActsOfTreason.html

http://www.apfn.net/MESSAGEBOARD/01-28-05/discussion.cgi.10.html

http://www.opsi.gov.uk/si/si1997/19971778.htm